43  219
58a  399

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* JAMES CLEMENS, JR.,

*v.*

GEORGE W. SMITH, State Treasurer, and O. H. MINER, Auditor of Public Accounts.

1.   PAYMENT — *must be made to the proper person.*   A, the owner of certain bonds of this State, applied to .the State Treasurer for payment of the accrued interest thereon, which was refused, for the reason that said interest had been paid to one B, who had presented to the treasurer a power of attorney, properly acknowledged, and purporting to have been executed by A, authorizing such payment to be made to B.   On petition by A for a peremptory *mandamus* to compel the treasurer to pay said interest to him, — *Held :* It appearing by the evidence that such power of attorney was never executed by A, and that he is the true owner of the bonds, payment of the interest on them by the treasurer to another and different person does not discharge the State.

2.   If such power of attorney was not a forged one, and made by a person bearing the same name as A, but not the identical A to whom the bonds belonged, payment to such person simulating the true owner, is no payment.

3.   In such case the treasurer took the risk of the identity of A, and through his negligence A's identity was not established, and payment was

made to the wrong person, it is no discharge of the State to the real party entitled to it.

4. Where a custodian of money pays it out to the wrong person, of whose identity he is not assured, such payment, though made to one simulating the real party, is no bar to recovery by the latter.

5. The State Auditor being a party to the application, through whom alone the treasurer can pay out money, a peremptory *mandamus* will issue to the auditor, requiring him to issue his warrant upon the treasurer for the amount of interest due.

THIS was an application to this court for a peremptory writ of *mandamus*, on the relation of James Clemens, Jr., against George W. Smith, State treasurer, and O. H. Miner, auditor of public accounts. The facts in the case are fully stated in the opinion.

Mr. JAMES C. CONKLING, for the relator.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is a petition for a mandamus to compel the State treasurer to pay to the relator, James Clemens, Jr., of St. Louis, the interest due upon certain bonds of this State, held and owned by Clemens.

The petitioner states, that he is a resident of St. Louis, in the State of Missouri, and the owner of a bond of this State, numbered 4983, bearing date July 1, 1847, and payable to petitioner in twenty-three years from date, for the sum of $1,085.76, with interest at the rate of six per cent per annum, payable in New York, on the first day of January and July of each year; that he is also the owner and holder of a bond of the State, numbered 2150, payable to him in thirty years from July 1, 1847, for the sum of $500, bearing interest at the rate of six per cent per annum from July 1, 1857.

He further states, that on the 23d day of August, 1856, the sum of $192.16, was paid to him for interest on the first mentioned bond, and that is all that he has ever received as interest on either of these bonds.

He further states, that on the 12th of February, 1867, he applied by his attorney to the State treasurer, and demanded of him, the balance due him for interest on these bonds, which the treasurer refused to pay.

The demand on the treasurer is fully proved. The treasurer waives the alternative writ, and alleges, in justification of his refusal, that the books and files of his office show, that there was paid to S. Halliday, an agent of the United States Express company, on the fifteenth of December, 1862, all the interest which had accrued on these bonds, from 1856 up to July 1862, amounting to $540.84, the first payment being of the interest due January 1, 1857. That Halliday presented a power of attorney to collect this interest, purporting to have been executed by James Clemens, Jr., of the city of Philadelphia, Pa., on the 8th of December, 1862, and acknowledged before John B. Thayer, a commissioner of the State of Illinois, for that city. We are called upon to say, whether this payment discharged the State.

It is in evidence, that these bonds, described in the petition, are now, and have always been since their issue, in the possession of James Clemens, Jr., of St. Louis, Missouri, that he is an old resident of that city, and he testifies he was not in Philadelphia on the day the power of attorney bears date, and had not been in Philadelphia in the month of December, for the past thirty years, and that on the 8th day of December, 1862, he was in his office in St. Louis, and on that day he drew a check on a banking house in St. Louis, which check is shown, and bears the date December 8, 1862. The petitioner, in his affidavit, states, he never made a demand for the interest, and never authorized any person to demand it.

The affidavit of James B. Clemens shows, that he is a clerk in the office of the petitioner, and was such clerk in 1862, and that, on the 8th day of December, of that year, the petitioner was in his office in the city of St. Louis, and drew the check before spoken of, which the petitioner signed.

Another clerk in petitioner's office in St. Louis, Russel H. Mather, testifies, that he entered the office as clerk in July,

1862, and remained as such until the first day of March, 1864, and during that time the petitioner was not absent for one day in the month of December; that this appears from entries in the books of the office made by petitioner, and one entry made by him on the 8th day of December, 1869.

Mr. Edwards testifies, that he has long known the petitioner and is familiar with his handwriting, and that the name, "James Clemens, Jr.," signed to the power of attorney, executed in Philadelphia, is not the handwriting of James Clemens, Jr., of St. Louis.

There is no question made, that James Clemens, Jr., of St. Louis, is not the true owner of these bonds. This being so, the payment of the interest on them to another and different person, does not discharge the State, on the authority of the case of *Wilson, Admr.,* v. *Alexander,* 3 Scam. 392. If the power of attorney was not forged, but made by a person whose real name was James Clemens, Jr., but not the identical James Clemens, Jr., to whom the bonds belonged, then payment of the interest to this person, simulating the true owner, would be no payment. The treasurer took the risk of the identity of the payee, and if, by his negligence in not assuring himself of the identity, payment has been made to the wrong person, the State remains liable to pay the interest to the real party entitled to it. It is not usual, that a custodian of money, who knows his duty, and wishes to perform it, pays money to one of whose identity he is not entirely satisfied. Should he pay to one simulating the real party, it will be no bar to a recovery by the latter. *Graves* v. *American Exchange Bank,* 17 N. Y. 205.

These bonds being the property of the relator, his demand for the interest due upon them cannot be refused by reason of any thing shown.

As the auditor has become a party to this application, through whom alone the treasurer can pay out money from the treasury, a peremptory mandamus will issue to the auditor requiring him to issue a warrant on the treasury for the sum of $540.84, being the interest due on the bonds described in the

petition, from the 23d day of August, 1856, to the 1st day of July, 1862, and on presenting the same at the treasury the treasurer will pay that amount to the petitioner or his authorized agent.

*Mandamus awarded.*