## Sioux Valley State Bank v. Drovers National Bank.

1. WAIVER—*Verification of a Plea.*—In a suit upon a written instrument the right to insist upon a verified plea before the signature of the maker can be denied may be waived by a stipulation between the parties as to the facts.

2. BANKS AND BANKING—*Payment of Money to the Wrong Person.*—Title to a check payable to H. Bronson, intended for Nelson Brunson, can not be obtained under indorsement by H. Brunson, made fraudulently, though the indorsee be deceived, and pay value.

Assumpsit, on cashier's check. Appeal from the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding. Submitted at the March term, 1895, of this court and affirmed. Opinion filed April 22, 1895.

WILLITS, CASE & ODELL, attorneys for appellant.

E. W. ADKINSON, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

All the material facts of this case necessary to the presentation of the real question are shown by a stipulation made in the Superior Court as follows:

"For the purpose of the trial of the above entitled cause it is stipulated by and between the parties thereto as follows:

On the 23d day of January, 1892, Nelson Brunson shipped from Anthon, Iowa, to Chicago, a carload of cattle to be sold on his account, which cattle were received in Chicago and were sold on or about January 25, 1892, by the commission firm of Ottman & Minteer, who realized from said sale, as the net proceeds thereof, after deducting all charges and commissions, the sum of $575.66. After the sale Messrs. Ottman & Minteer made out a statement of account in the name of H. Bronson for the said carload of cattle, showing balance due $575.66, and wrote upon it a memorandum as follows:

'H. BRONSON, ESQ.

DR. SIR:—We enclose check $575.66 for your net proceeds as shown. Hope you will find all O. K.

Yours truly,

OTTMAN & M.    C.'

Said firm also, about the same time, directed the Drovers National Bank, defendant in this suit, to make a draft or cashier's check for said sum, payable to the order of H. Bronson, and in pursuance of such instructions said defendant executed and delivered to said Ottman & Minteer a cashier's check, signed by its president, Solva Brintnall, as shown by the original instrument, No. 55,576, offered in evidence, which check was, on the 26th day of January, 1892, inclosed by Ottman & Minteer with said statement of account in an envelope and addressed as follows: 'H. Bronson, Esq., Anthon, Iowa,' and deposited in the post-office, and was received about the 28th day of January, 1892, by said H. Brunson (a nephew of Nelson Brunson), who lived at Anthon, Iowa, and who thereupon wrote his name, H. Brunson, upon the back of said check and presented the same so indorsed at the plaintiff's bank for payment. Said H. Brunson was not known at the plaintiff's bank, but the bank paid the check by reason of the statement written on the back thereof by one W. B. Persons, who was known

at the bank, and who wrote underneath H. Brunson's name
the following: 'Indorsement guaranteed. W. B. Per-
sons,' as more particularly appears from the original instru-
ment offered in evidence, whereupon said plaintiff cashed
said check and paid the proceeds thereof, $575.66, to said H.
Brunson, who thereupon absconded with the money so
obtained, and was afterward arrested for obtaining and
appropriating the money under the above circumstances and
was convicted and sentenced to the penitentiary. After the
money was obtained as aforesaid from the plaintiff's bank
by said H. Brunson, but before the check was presented to
the defendant by the plaintiff for payment, Ottman & Min-
teer notified the defendant not to pay said check. Said
check was afterward, on or about February 24, 1892, pre-
sented by the plaintiff to the defendant for payment, and
payment thereof was duly demanded, but the defendant
refused to pay the same or any part thereof, and the check
was on the same day duly protested for non-payment.
When the check was cashed by the plaintiff none of its
officers or agents had any knowledge or actual notice, other
than that afforded by the form of the instrument and the
indorsements thereon, that said H. Brunson was not fully
entitled to the money.

It is further stipulated that the plaintiff, Sioux Valley
State Bank, is a corporation duly organized under the laws
of the State of Iowa, and that either party may, upon the
trial of this cause, introduce evidence not inconsistent with
the foregoing stipulation."

The appellant now urges that the indorsement could not
be denied on the trial, the plea not being verified under
section 34 of the Practice Act; and also that the words
" said H. Brunson" in the stipulation prevent the appellee
from questioning the indorsement.

The word " said " as used there is mere accidental sur-
plusage; no H. Brunson had been before mentioned, and
therefore the word had no antecedent.

The point that there was no plea verified was waived by
the stipulation.

It is apparent that it was made as showing upon what the rights of the parties depend for decision; besides, the abstract shows no such point made below.

Now, this is not a question of *idem sonans*, but of identity of person.

The check was not intended for the man who indorsed it, nor was it payable to him.    The difference between " Bronson" and " Brunson" was enough to put the appellant on its guard.    That it was on its guard appears from the fact that it took a guaranty.    H. Brunson had no right to the money, and could confer none.    Had the money been sent to the appellant to deliver to H. Bronson, a delivery to H. Brunson, for whom the money was not intended, would have been no discharge of its liability to the sender.

Even identity of name does not suffice to excuse dealing with the wrong person.    People v. Smith, 43 Ill. 219.

The judgment is affirmed.