[Sac. No. 164.  In Bank.—January 5, 1897.]

THOMAS  A.  LEWIS,  RESPONDENT,  *v.*  EDWARD  P. COLGAN,  APPELLANT.

STATE BOARD OF EXAMINERS—IMPLIED POWER TO EMPLOY EXPERT— LEGISLATIVE APPROPRIATION—CONSTITUTIONAL LAW.—The state board of examiners have implied power to employ an expert to assist them in examining books and accounts; and a legislative appropriation incorporated in the general appropriation bill to pay the salary and expense of such expert is constitutional and valid, and does not create an office, nor is the agreement of the board of examiners for the employment and compensation of such expert void as being without express authority of law, within the meaning of section 32 of article IV of the state constitution.

ID.—EXTENT OF OFFICIAL POWER—IMPLICATION—STATUTORY CONSTRUCTION.—In addition to the powers expressly given by statute to an officer or board of officers, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or as may be fairly implied from the statute granting the powers.

ID.—DEFEAT OF STATUTE CONFERRING EXPRESS POWER—LEGISLATIVE APPROPRIATION—MOTIVES OF LEGISLATORS.—Courts cannot inquire into the motives of legislators; and a legislative appropriation to pay the salary and expenses of an expert employed by the state board of examiners cannot be defeated on the ground that another statute expressly empowering the board of examiners to employ an expert failed of passage, nor can it be held, as matter of law, or proved as matter of fact, that, except for the anticipated passage of such statute, the appropriation bill would have been altered.

APPEAL from a judgment of the Superior Court of Sacramento County.  A. P. CATLIN, Judge.

The facts are stated in the opinion of the court.

*Devlin & Devlin, Barham & Miller,* and *A. E. Bolton,* for Appellant.

No office can be created by the general appropriation bill, and the appropriations named therein can only be expended for some object antecedently authorized. (Const., art. IV, secs. 29, 34.)  The board of examiners have no inherent power to employ anybody.  (*Love* v. *Baehr,* 47 Cal. 364; *Melone* v. *State,* 51 Cal. 549; *Green* v. *State,* 51 Cal. 577.)  Whatever duties may be devolved upon the board of examiners must be performed

by them individually, unless the statute, in plain words, otherwise directs. (*San Francisco etc. Co.* v. *Banbury*, 106 Cal. 135.) Under the old constitution the legislature could pay any claim, or even vote money for the purpose of charity, or as a gift; but, under the new constitution, all these powers have been taken away. (Const., art. IV, secs. 22, 31, 32.)

*R. B. Carpenter*, for Respondent.

The legislature had the power to authorize the appointment of plaintiff, and appropriate money for his compensation. (Const., art. IV, secs. 22, 29, 34; *Beals* v. *Amador County*, 35 Cal. 630; *Blanding* v. *Burr*, 13 Cal. 350; *In re Madera Irr. Dist.*, 92 Cal. 307.) As no office was created, and no election by the legislature, or appointment by the governer was required, the legislative assent in any form it chose to phrase it was sufficient. (*Love* v. *Baehr*, 47 Cal. 364; *Melone* v. *State*, 51 Cal. 549; *Green* v. *State*, 51 Cal. 577; *Wells* v. *Nickles*, 104 U. S. 444.) The state board of examiners, when sitting as a board of audit, is a judicial body. (*Cahill* v. *Colgan* (Cal. 1892), 31 Pac. Rep. 614; Black on Judgments, secs. 250, 532; *Robinson* v. *Supervisors*, 16 Cal. 209; *Miller* v. *Sacramento County*, 25 Cal. 94; *Emery* v. *Bradford*, 29 Cal. 84; *Scheerer* v. *Edgar*, 76 Cal. 569; *Bernal* v. *Lynch*, 36 Cal. 135.) Where an appointment is essential to the proper exercise of a judicial duty, the court concerned has authority to make it. (19 Am. & Eng. Ency. of Law, 419, citing *State* v. *Noble*, 118 Ind. 350; 10 Am. St. Rep. 143; *State* v. *Denny*, 118 Ind. 449; *State* v. *Hyde*, 121 Ind. 20; *State* v. *Smith*, 15 Mo. App. 412; *In re Janitor*, 35 Wis. 410; *Commissioners* v. *Hall*, 7 Watts, 290.) The absolute need and urgent necessity for an expert to examine institutions and accounts was a sufficient reason for the items in the general appropriation act. (*State* v. *Poulterer*, 16 Cal. 531; *Bateman* v. *Colgan*, 111 Cal. 580; *Haynes* v. *Butler*, 30 Ark. 69; Throop on Public Officers, sec. 542, and cases cited; *Bass etc. Works* v. *Board of Commrs.*, 115 Ind. 234; *Board of Commrs.* v.

*Barnett,* 14 Kan. 627; *Mitchell* v. *County Commrs.,* 18 Kan. 188; *Slotts* v. *Rockingham County,* 53 N. H. 598; *Spalding* v. *Preston,* 21 Vt. 9; 50 Am. Dec. 68; *Board of Supervisors* v. *Gorrell,* 20 Gratt. 484; *Duncan* v. *Board of Commrs.,* 101 Ind. 403; *Mayor etc.* v. *Sands,* 105 N. Y. 210; *Watt* v. *Smith,* 89 Cal. 602.) Courts cannot inquire into the motives and purposes of the legislature in enacting a statute. (*Sackrider* v. *Saginaw County Supervisors,* 79 Mich. 59; *Waterloo etc. Mfg. Co.* v. *Shanahan,* 128 N. Y. 345; *Williams* v. *Nashville,* 89 Tenn. 487; *State* v. *Smith,* 44 Ohio St. 348; *Evans* v. *Browne,* 30 Ind. 514; 95 Am. Dec. 710; *Fletcher* v. *Peck,* 6 Cranch, 131; *Harpending* v. *Haight,* 39 Cal. 202.) The employment of respondent was not an office. (Bouvier's Law Dictionary and Webster's Dictionary, tit. "Expert.")

BEATTY, C. J.—*Mandamus* against the defendant, as controller of the state of California, commanding him to draw his warrant in favor of the plaintiff upon the treasurer of said state for the sum of one hundred and sixty-six dollars and sixty-six and two-thirds cents, as salary due plaintiff from the said state for services as expert to and for the state board of examiners, during the month of July, 1895.

An alternative writ of mandate issued to defendant, who demurred to the verified petition, and upon his demurrer being overruled by the court, answered the petition.

Plaintiff moved to strike out the fourth paragraph of defendant's answer, and demurred to the residue thereof. The motion to strike out was granted, and the demurrer sustained, and peremptory writ granted.

Defendant appeals, and the cause comes up on the record illustrated by a bill of exceptions.

The substance of the verified petition upon which the writ issued is that "on the twenty-eighth day of June, 1895, plaintiff was employed by the state board of examiners as expert for said board of examiners at an annual salary of two thousand dollars, payable monthly,

and necessary traveling expenses in the business of said employment."

That he entered upon the discharge of the duties of such employment July 1, 1895, and continued to act as expert, etc., during the month of July, whereby there became due him from the state of California, the sum of one hundred and sixty-six dollars and sixty-six and two-thirds cents.

The board of examiners duly audited, allowed, and approved his claim for said sum of money. The controller, upon demand, refused to draw his warrant on the state treasurer in favor of the plaintiff therefor. The more formal portions of the petition are here omitted.

The duty of the defendant to draw his warrant for the payment of this demand depends upon the question whether the board of examiners had express authority to employ petitioner as an expert at the salary claimed. There is no law which in express terms creates the office of expert to the board of examiners, but the act making appropriations for the support of the state government for the forty-seventh and forty-eighth fiscal years—the general appropriation act (Stats. 1895, p. 280)—contains the following items: "For salary of expert to board of examiners, four thousand dollars; for traveling expenses of board of examiners and expert, two thousand dollars."

The validity of the act is not questioned by appellant except as to these items, and the only ground of objection to them is that they are in conflict with certain clauses of the constitution limiting the power of the legislature to make appropriations of the public funds.

Various sections of article IV of the constitution are cited by appellant, and among others sections 29, 30, 31, and 32.

Section 29 reads as follows: "The general appropriation bill shall contain no item or items of appropriation other than such as are required to pay the salaries of the state officers, the expenses of the government,

and the institutions under the exclusive control and management of the state."

We concede the contention of appellant that an office cannot be created by the general appropriation bill. But it does not seem that there was here any attempt to create the office of expert, the whole scope of this portion of the act being to make an appropriation for the payment of his salary and expenses—a perfectly proper appropriation if there existed any authority on the part of the board to appoint or employ him.

With reference to sections 30 and 31 it need only be said that they have no application to this case, except in so far as they evince the general purpose of the framers of the constitution to limit the power of the legislature to make appropriations of the public funds. It is in section 32 that the language is contained upon which appellant especially relies to sustain his contention that the appropriation in question is unconstitutional. It reads as follows: "The legislature shall have no power to grant, or authorize any county or municipal authority to grant, any extra compensation or allowance to any public officer, agent, servant, or contractor, after service has been rendered, or a contract has been entered into and performed, in whole or in part, nor to pay or to authorize the payment of any claim hereafter created against the state, or any county or municipality of the state, under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void."

It seems to be agreed that the question to be decided in this case is the same that would have been presented if the board of examiners had employed an expert without any previous appropriation for his salary, and the legislature had afterward made an appropriation to pay the compensation stipulated or allowed by the board. In either case, the validity of the appropriation would, as above stated, depend upon the question whether the appointment of such expert and the agreement for his compensation was expressly authorized

within the meaning of section 32 as above quoted. This question is not a new one in this court.

In the case of *Rankin* v. *Colgan*, 92 Cal. 605, the act appropriated two hundred and fifty dollars to pay the petitioner for services in the state treasurer's office during the months of November and December, 1884, under appointment of Governor Stoneman. The governor had not been authorized, in terms, to make the appointment, but, as he was charged with the care of the property of the state, and, therefore, authorized to protect it, it was presumed, in favor of the validity of the act, that a proper occasion had arisen, and he had made the appointment in pursuance of his implied power to adopt necessary means for the discharge of his duty to care for the property of the state.

The principle recognized in that case, and applied in the decision, is stated in Throop on Public Officers, section 542, as follows: "The rule respecting such powers is, that in addition to the powers expressly given by statute to an officer or a board of officers, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or as may be fairly implied from the statute granting the powers."

This statement of the doctrine is abundantly sustained by the decided cases everywhere, and is so universal and undisputed that we deem it unnecessary to cite authorities. In a case recently decided by this court it was applied to sustain the authority of the harbor commissioners to employ an architect under an act empowering them to erect a certain building. (*Bateman* v. *Colgan*, 111 Cal. 587.) Also, in a still more recent decision of a case involving the power of the board of supervisors of a county to employ an expert. (*Harris* v. *Gibbins*, 114 Cal. 418.) The case last cited is very closely analogous to the case in hand, and the decision disposes of one of the principal arguments advanced by the appellant, viz: that if the board of examiners has the implied power to appoint an expert, the board of

supervisors must be conceded the same power; a conse-
quence which, he contends, is absurd. · But, in that case,
it was held that the board of supervisors has such power,
because the employment of an expert is, or in many
cases may be, necessary, in order to enable them to per-
form the duties imposed upon them by law. If this is
so, the argument holds good that the board of examiners
must have the same power, because the proper discharge
of their duties may involve the employment of an ex-
pert. They are a board of audit, and they must exam-
ine, not only the great mass of claims against the state,
but also the books and accounts of many public institu-
tions, as well as those of the auditor and treasurer of
the state. As long ago as 1874, the former supreme
court of this state, in the case of *Love* v. *Baehr*, 47 Cal.
364, held that the duties devolved upon the board of
examining the books of state officers, counting the
money in the treasury, etc., required for their discharge
the skill of an expert accountant; and the legislature,
in various acts in relation to orphan asylums and other
benevolent institutions partly supported by the state,
has expressly authorized the employment of experts by
the board of examiners to examine the books which
those institutions are required to keep as a condition of
receiving state aid. (See Stats. 1880, p. 13; Stats. 1883,
p. 55; Stats. 1889, p. 206; Stats. 1891, p. 428.) In these
statutes, it is true, the expense of the examinations are
required to be paid out of the appropration for the sup-
port of the institutions on account of which the expenses
are respectively incurred. They show, however, a rec-
ognition, by the legislature, of the necessity of expert
assistance to the board of examiners in the examination
of books and accounts, and there are many other public
institutions aside from these asylums whose books must
be examined periodically.

It cannot be denied, therefore, that the duties im-
posed upon the board of examiners, and the correspond-
ing authority conferred upon them by the express terms
of the various sections of the Political Code and other

statutes defining their duties, are such as may involve the employment of an expert for their due and efficient discharge, and it follows, on the principle of the cases above cited, that they have the implied power to employ one when necessary, independent of the clauses of the appropriation act above recited.

It does not follow from this view that their authority in the matter is unlimited and unrestricted, as appellant assumes it would be. On the contrary, whatever they do is subject to the approval of the legislature. They may employ an expert, but he cannot be paid without an appropriation, and he can be paid no more than the legislature may deem reasonable. He is not an officer with a fixed term of office and a salary ascertained by law, but a mere employee of the board, holding his position at their pleasure, and entitled to such compensation only for the time of his employment as the board may allow, and the legislature approve by the appropriation of money for the payment. And when the legislature does make an appropriation for such payment it must be presumed—as held in the Rankin case—that the facts were found to be such as to render the employment necessary, for this is a question of fact which must be decided by the legislature, and not a question of law for the courts. The constitution does not deprive the legislature of the power to appropriate money to pay expenses legitimately incurred in the performance of official duty, and the legislature is itself the judge of what expenses have been so incurred, so far, at least, that the courts cannot hold an act appropriating money to pay for such expenses unconstitutional, unless it so appears upon the face of the act, and without reference to facts *aliunde*.

And if the legislature may make an appropriation to pay for a service after it has been rendered, we see no reason, and none is suggested, for holding that they cannot make an appropriation, in advance, of a sum sufficient to cover an anticipated expense, as in this case, thus making a fund available for the payment of

such sums within the amount of the appropriation as the board of examiners may, in their discretion, allow as a just and proper charge for necessary services.

But the appellant makes the further objection that these items of the general appropriation bill were included by mistake, or solely in anticipation of the passage of a pending bill empowering the board of examiners to appoint an expert, which was afterward defeated. These facts were alleged, by way of defense, in that portion of his answer which was stricken out, erroneously, as he contends. We think the ruling of the superior court on this point was correct. Courts cannot inquire into the motives of legislators. In this case, we know that the appropriation bill was duly enacted as a law. If the facts alleged in respect to the other bill are admitted, it is still a matter of mere conjecture what effect the pendency of that bill had, and it cannot be held, as matter of law, or proved as matter of fact, that, except for its anticipated passage, the appropriation bill would have been altered.

Of the decisions of this court especially relied on by appellant to sustain his contention, the case of *Modoc County* v. *Spencer*, 103 Cal. 498, is clearly distinguished from this, as was pointed out in *Harris* v. *Gibbins*, *supra*, which, as above shown, directly supports the implied power of the board to employ an expert. *Linden* v. *Case*, 46 Cal. 174, merely states the undoubted proposition that unauthorized acts of the board of supervisors are void, but sheds no light on the question as to what acts are unauthorized. In *San Joaquin County* v. *Jones*, 18 Cal. 327, and *Foster* v. *Coleman*, 10 Cal. 279, the acts held illegal were clearly unauthorized, but they bear no analogy to the action in question here, and could not by any possibility have been necessary for the discharge of any duty devolved upon the board. In *Robinson* v. *Supervisors*, 16 Cal. 208, and *Eldorado County* v. *Meiss*, 100 Cal. 268, there was an attempt on the part of the respective boards to create offices, and, in the latter case, an infraction of the express inhibition

of section 5 of article XI of the constitution. In this case there is no creation of an office, but merely the employment of an assistant, whose duties, it is true, are of an important, delicate, and confidential nature, but whose employment, so far as its validity is concerned, cannot be distinguished from that of the governor's messengers, the porters, elevator attendants, and other employees in the service of the state whose compensation is provided for in the general appropriation bill, although no officer of the state is expressly authorized to employ them.

The judgment of the superior court is affirmed.

McFarland, J., Van Fleet, J., and Harrison, J., concurred.