[S. F. No. 2179.   Department One.—May 24, 1902.]

## A. M. ROBERTSON, Respondent, v. THE BOARD OF LIBRARY TRUSTEES OF THE ALAMEDA FREE PUBLIC LIBRARY AND READING-ROOMS, Appellant.

MANDAMUS—WARRANTS ON PUBLIC LIBRARY FUND—EMBEZZLEMENT BY LIBRARIAN.—Where a board of library trustees having control of the free public library of a city had allowed claims for supplies furnished, and issued warrants therefor, which were left with the librarian to be delivered to the proper parties, but the librarian had wrongfully obtained payment thereof and absconded, it is as though the warrants had been drawn and destroyed before delivery, and *mandamus* will lie in favor of an assignee of the claimants to compel the board to draw and deliver to him a warrant upon the library fund of the city.

ID.—REMEDY AT LAW.—The assignee of the claimants in such case has not a plain, speedy, and adequate remedy at law by suit against the city or the city treasurer.

ID.—BOARD NOT PROTECTED BY CONSTITUTION.—The board of trustees of the free public library of a city, not being a body described in section 18 of article XI of the constitution, is not protected by the provisions thereof applicable to demands against cities, counties, and other bodies therein described.

ID.—PLEADING—MONEY IN TREASURY.—It was not necessary for the plaintiff to show that there were funds in the city treasury out of which the warrants could be paid before applying for the writ to compel the issuance for the warrants.

ID. — INDORSEMENTS ON PAID WARRANTS — PRESUMPTION — COUNTER PROOF.—Any presumption of the genuineness of the warrants paid by the treasurer to the absconding librarian, growing out of the presumption that ''official duty was regularly performed,'' is disputable, and is sufficiently overcome by proof that the warrants had never been delivered to any of the claimants, or to any one for them, and had never been delivered for their use in payment of any part of the demands in their favor.

ID.—BURDEN OF PROOF—EXCLUSION OF INDORSEMENTS.—Such counter proof shifted the burden of proof upon the board to show the genuineness of the indorsements, and, in the absence of such proof, the court properly declined to admit the indorsements in evidence.

APPEAL from a judgment of the Superior Court of Alameda County.   W. E. Greene, Judge.

The facts are stated in the opinion of the court.

George C. Sargent, and Charles L. Weller, for Appellant.

Martin Stevens,' and Finlay Cook, for Respondent.

VAN DYKE, J.—The proceeding is an application for a writ of *mandamus*, directing the defendant to draw and deliver to plaintiff a warrant upon the library fund of the city of Alameda, directing the treasurer to pay the claim of plaintiff.

The appeal is taken from the judgment ordering the writ to issue in favor of the plaintiff as prayed. The plaintiff sues for himself and as assignee of six others, and the claims are balances of accounts· for books and other supplies furnished to the defendant, being a public board having control of the free public library of the city of Alameda, constituted and transacting business as such, under the act of the legislature approved April 26, 1880. The respective accounts due the plaintiff and his several assignors had been duly and regularly allowed and approved by defendant, and warrants drawn in payment thereof upon the city treasurer. These warrants were then left with one J. W. Harbourne, librarian of the defendant board, to be by him delivered to the plaintiff and other parties in whose favor they were drawn. The warrants, however, were never delivered to the plaintiff or the other parties entitled thereto, or any one authorized by them to receive them. It appears, however, that they were presented by Harbourne to the treasurer and by him paid, and marked paid, and that the said librarian soon thereafter absconded.

The appellant contends that the plaintiff had a plain, speedy, and adequate remedy in the ordinary course of law, and, therefore, is not entitled to proceed by *mandamus*. The ordinary and proper course to be pursued, according to the act under which the defendant was constituted, is the presentation of the claim to the defendant board, and when audited and allowed by said board, to have a warrant drawn on the city treasurer for the payment thereof. This seems to have been the custom pursued, and the claims in question had been allowed and approved by said board, but, as stated, the warrants after being drawn were intrusted to the librarian of said board, and never came to the hands of the parties

entitled thereto. It is practically as though the warrants had been drawn and destroyed by the board before delivery. In such case, the claims having been allowed and approved, and admitted thereby to be correct, it is the plain duty of the board to draw warrants therefor, to enable the parties whose claims were so allowed and approved to receive payment for the same in due course. To be driven to a suit against the city or the treasurer, as suggested by the appellant, would not afford a plain, speedy, or adequate remedy. "It has been held in this state that to supersede the remedy by *mandamus* the party must not only have a specific adequate legal remedy, but one competent to afford relief upon the very subject-matter of his application, and one which is equally convenient, beneficial, and effective as the proceeding by *mandamus.*" (*Raisch* v. *Board of Education,* 81 Cal. 542.) In *Barber* v. *Mulford,* 117 Cal. 356, the court say: "The complaint or affidavit stated facts sufficient to show that the board of education owes a duty to plaintiff. The allowance by it of his bill on April 27, 1891, was not the total of its official obligation; following upon that was the duty to provide for payment,— viz., to draw, or cause to be drawn, an order on the county superintendent." (See, also, *People* v. *Board of Auditors,* 5 Mich. 223; *Williams* v. *Clayton,* 6 Utah 86; *State* v. *Richter,* 37 Wis. 275; *People* v. *Smith,* 43 Ill. 219.[1]) It was not necessary for the plaintiff to show that there were funds in the city treasury out of which the warrants could be paid before application for the writ. Moreover, the defendant board does not fall within the provisions of section 18 of article XI of the constitution, as it is not a city, county, or town, or district, or other body therein described. (*In re Madera Irrigation Dist.,* 92 Cal. 342.[2]) As already stated, it was the duty of the board, after auditing and allowing the claims, to draw warrants for their payment. It is alleged in the petition that the board refused to issue warrants on the claims as allowed, and that was the equivalent of an allegation that the demands had not been paid, as they could only be paid upon a warrant drawn for that purpose. Appellant contends that the court erred in refusing to admit the indorsements on the back of the warrants, without the genuineness of the same having been first proven. The warrants

[1] 92 Am. Dec. 109.          [2] 27 Am. St. Rep. 106.

having been drawn to order and stamped paid by the treasurer, the appellant claims that the genuineness of the indorsements was presumed, referring to section 1963 of the Code of Civil Procedure (subd. 15),—to wit, ''that official duty has been regularly performed.'' But, as expressly declared in the section of the code referred to, this is one of the presumptions which is satisfactory if uncontradicted, but may be controverted by other evidence. And in this case it appears from the bill of exceptions in the record that the plaintiff had produced proof under each count of his complaint, to the effect that none of the balances of said accounts, or any part thereof, had ever been paid to the plaintiff, or to his respective assignors, *''or any one for them,''* and, further, that no order, demand, warrant, or draft ''had been delivered to plaintiff or his assignors, or to any one for the use of any one of them, in payment of any or any part of any of the demands upon which this proceeding is founded.'' Never having received the warrants in person, or through any one for their use, they could not, therefore, have been indorsed by them, or by their authority, and this proof rebutted any presumption of the genuineness of the indorsements. The burden of proof was therefore shifted upon the defendant, and having declined to make such proof, the court did not err in refusing to admit said indorsements.

The judgment is affirmed.

Garoutte, J., and Harrison, J., concurred.