[L. A. No. 1116. Department Two.—January 24, 1903.]

## I. H. POLK, Appellant, v. STATE OF CALIFORNIA, Respondent.

RAILROAD COMMISSIONERS—EMPLOYMENT OF EXPERT—SANCTION OF LEGISLATURE REQUIRED.—An action will not lie against the state to recover compensation for the services of an expert employed by the state board of railroad commissioners, where no appropriation has been made by the legislature to pay the claim, and it has not in any way been approved or recognized by the legislature.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, and W. F. Fitzgerald, for Appellant.

The railroad commissioners are a constitutional body, and had power to employ an expert as a necessary means for carrying out the duties imposed upon it. (*Bateman* v. *Col-*

gan, 111 Cal. 587, 588; Throop on Public Officers, sec. 542; Lewis v. Colgan, 115 Cal. 529, 534; Rankin v. Colgan, 92 Cal. 605; Harris v. Gibbins, 114 Cal. 418.) Parol evidence is admissible to prove the action of the state board of examiners in allowing this expenditure under the Appropriation Act of 1897. (Gordon v. City of San Diego, 108 Cal. 269.) Suit on contract against the state is allowed by the act of 1893, and it is made the duty of the governor to report it for action by the legislature. (Stats. 1893, pp. 57, 58.)

Tirey L. Ford, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, for Respondent.

The railroad commission has no power, under the constitution or the statute, to employ the services of an expert, but are their own experts, and can only take testimony and exercise the powers conferred upon them, which do not include the employment of an expert. Changes in the constitution or statute cannot be permitted. (Buck v. City of Eureka, 109 Cal. 517.) Under the Appropriation Act of 1897, the consent of the state board of examiners must be first obtained (p. 367), which was not done in this case. The state board of examiners must keep a record of all their proceedings. (Pol. Code, sec. 656.) The action is not maintainable under the act of 1893, there being no pretense or allegation that the claim for services was not allowed by the state board of examiners (Stats. 1893, p. 57), but the contrary is claimed and sought to be proved. The statute of 1893 did not create a liability against the state where none existed, but merely gave an additional remedy to enforce an existing liability against the state. (Denning v. State, 123 Cal. 319.) The statute of 1893 (p. 57) forbids a suit, unless commenced within two years after the cause of action shall have accrued. Plaintiff's cause of action is barred under this prohibition.

McFARLAND, J.—This is an action against the state, brought under the authority of the act of the legislature of February 28, 1893, (Stats. 1893, p. 57,) to recover a certain amount of money alleged to be due plaintiff for services rendered the state board of railroad commissioners from the twenty-second day of April, 1898, to the fourteenth day

of December, 1898. The defendant demurred to the complaint upon the general ground of want of facts to constitute a cause of action, and upon the further ground that the action was barred by the limitation of two years declared in said act of February 28th. The demurrer was sustained and judgment rendered for defendant, and plaintiff appeals from the judgment.

The facts which, under our view of the case, are necessary to be stated are these: Plaintiff was a practical railroadman of many years' experience, and had great knowledge and skill of and in the business of railroading, and he was employed during the time above stated by the said board to assist them in the performance of their duties. On April 22, 1898, the board passed a resolution employing the plaintiff and providing that his compensation should be afterwards fixed by the state board of examiners; and on December 14, 1896, they passed a resolution declaring that his work had been satisfactory, and requesting the state board of examiners to fix compensation for his services from the twenty-second day of April down to and including the said fourteenth day of December. It is averred that plaintiff presented his claim to the board of examiners on December 28th, and that on December 31, 1898, there was a meeting of the board of examiners, at which two of the members were present, and that the board, acting through said two members, on that day did fix plaintiff's compensation at the sum of $7,709.50. But this action was not entered on the minutes of the board, and there is no record evidence of the same. It is averred that this want of record evidence was caused by the inadvertence and mistake of the secretary of said board. It is averred that the board of examiners took no further action in the matter, and that, although the board was requested by plaintiff to take further action and to allow the said claim, the board has neglected and refused to do so, and that his claim has "never been allowed by said board of examiners." There is no pretense that there is any express power given the board of railroad commissioners, either by the constitution or statute, to contract for such services as those rendered by plaintiff; but it is contended that such power is implied because his employment was necessary to the discharge of their duties by the said commissioners.

We do not deem it necessary to consider the question whether such employment could be upheld, even if approved by the legislature, nor the point that the alleged cause of action accrued on the fourteenth day of December, 1898, and that the action is barred because not brought within two years from that time, because no appropriation has ever been made by the legislature to pay plaintiff's claim, nor has it been in any way approved or recognized by the legislature, and this fact is determinative of the case against the contention of appellant. This view is clearly stated and sustained in *Lewis* v. *Colgan,* 115 Cal. 529, a case relied on by appellant, and which goes as far as any other case in sustaining the somewhat dangerous doctrine of implied powers of state boards and officers. That was not an action against the state, but a proceeding against the state controller to compel him to draw a warrant for the amount of plaintiff's claim for services as an expert employed by the state board of examiners, which had been allowed by said board, and for the payment of which the legislature had made an express appropriation. In answer to the contention there made, that the recognition of implied powers of employment would lead to abuses by boards and officers which could not be reached, the court in the Lewis case said: "It does not follow from this view that their authority in the matter is unlimited and unrestrained, as appellant assumes it would be. On the contrary, whatever they do is subject to the approval of the legislature. They may employ an expert, but he cannot be paid without an appropriation, and he can be paid no more than the legislature may deem reasonable. He is not an officer with a fixed term of office and a salary ascertained by law, but a mere employee of the board, holding his position at their pleasure and entitled to such compensation only for the time of his employment as the board may allow and the legislature approve by the appropriation of money for the payment. And when the legislature does make an appropriation for such payment, it must be presumed—as held in the Rankin case—that the facts were found to be such as to render the employment necessary, for this is a question of fact which must be decided by the legislature, and not a question of law for the courts." It may be conceded that if a party have a general cause of action against the state not dependent on

previous legislative action,—as, for instance, for negligence,—he could maintain an action thereon, although there had been no previous appropriation to pay the judgment which he might obtain; in such case he would have to rely on a future appropriation. But in the case at bar the recognition by the legislature of plaintiff's claim was essential to the sufficiency of the cause of action.

The judgment appealed from is affirmed.

Lorigan, J., and Van Dyke, J., concurred.

Rehearing in Bank denied.

Upon the petition for rehearing the following special opinions were rendered in Bank:—

BEATTY, C. J.—The opinion of the department contains no discussion of the merits of the particular claim upon which this action is based, and makes no attempt to discriminate between the services rendered by the plaintiff and any other kind of services to the board of railroad commissioners, or any other kind of expense whatsoever incurred by them in the performance of their duties. The decision, therefore, cannot be understood otherwise than as holding that the board of railroad commissioners is absolutely dependent upon the legislature for the funds necessary to enable them to discharge their duties; or, in other words, that they have no implied power to incur any expense, however necessary, which will impose a legal obligation upon the state. The result of this doctrine is, that if the legislature had never passed any law providing for its necessary expenses, or if the existing laws should be repealed, the board could do nothing—nothing, at least, except what could be done without incurring expense. And the same doctrine logically applied would, in the same contingency, shut up this court—for we are no more truly a constitutional body than the railroad commission. If they have no implied power to incur expenses that will bind the state, neither have we. I cannot concur in this view. The railroad commission, having been created by the constitution and endowed with important powers to be exercised for the public benefit, has the right to incur such expenses as are

strictly necessary to enable it to perform its constitutional duties. In any action against the state to recover compensation for services rendered to the commission, it would be a judicial question whether the particular services were necessary; but if they were so found, it would be the duty of the court to give judgment accordingly. The fact that the legislature could at least render the judgment ineffectual by refusing to make an appropriation to pay it does not affect the question. The legislature can always refuse to make an appropriation to pay any judgment against the state, however just and valid it may be; but the question for us is not whether a judgment is going to be paid, but whether it ought to be given.

As to the case of *Lewis* v. *Colgan,* 115 Cal. 529, cited in the opinion of the court, what was there said touching the employment of the plaintiff by a board created by law and endowed with no powers except such as were conferred by act of legislature, has no application to the acts of a board created by the organic law, and therefore invested with power to incur expenses strictly essential to the discharge of its constitutional duties.

If these views are correct, the question to be decided in this case—i. e. the question whether the services performed by the plaintiff were necessary to enable the board of railroad commissioners to perform its constitutional duty—has not been decided, and for that reason there should be a rehearing.

ANGELLOTTI, J., and SHAW, J.—We concur in the order denying a petition for rehearing in this case upon the ground that it was not within the implied powers of the railroad commission to incur any indebtedness binding upon the state for services of the nature rendered by the plaintiff.