[Civ. No. 919.   First Appellate District.—February 13, 1912.]

WILLIAM J. ROSS, Respondent, v. THE BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO, JOSEPH O'CONNOR, MARY KINCAID, THOMAS HAYDEN, and THOMAS H. BANNERMAN, as Members of and Constituting Said BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO, Appellants.

BOARD OF EDUCATION—STOREKEEPER EMPLOYED UPON MONTHLY SALARY —WANT OF POWER TO DISMISS DURING MONTH AND APPORTION SALARY.—The board of education of the city and county of San Francisco, after employing a storekeeper from month to month upon a monthly salary, has no power to dismiss him without cause, pending any month, and to apportion his salary for such month to the part of the month preceding his dismissal, and thus deprive him of his full salary for such month. The only power of dismissal without cause is at the expiration of a monthly term of employment.

ID.—RULE AS TO MONTHLY TERM OF EMPLOYMENT APPLICABLE—CONSTRUCTION OF CODE.—The ordinary rule that an employee who is employed by the month is entitled to his salary for the full month, when he is discharged without cause before the expiration of the month, applies in case of employees of a school district or of a board of education; and there is nothing in section 1617 of the Political Code, defining their rights and duties, which exempts their contracts of employment of other persons than teachers from the operation of the ordinary rules of law applicable to the interpretation and enforcement of contracts of employment in general.

ID.—BREACH OF MONTHLY CONTRACT—ACTION FOR DAMAGES—REMEDY BY MANDAMUS.—Though an action for damages would lie for breach of a monthly contract of employment by a board of education, yet as such remedy would not be equally as convenient, beneficial and effective as the remedy by mandamus to compel the board of education to draw upon the school fund for the residue of the salary wrongfully withheld by them in breach of their official duty from the salary of the storekeeeper employed by them upon a monthly salary, that remedy will lie upon his petition therefor.

ID.—DISCHARGE WITHOUT CAUSE PROPERLY DETERMINED BY TRIAL COURT. Upon petition for the writ of mandamus allowed by the trial court, that being the only adequate remedy available to the petitioning plaintiff, the question as to whether he was discharged without cause and in violation of the contract of employment was properly tried and determined in the court below, and its judgment enforcing the writ of mandate will be affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney of San Francisco, and D. S. O'Brien, Assistant City Attorney, for Appellants.

Edward J. Lynch, for Respondent.

LENNON, P. J.—In this proceeding the plaintiff was awarded a peremptory writ of mandate, commanding and compelling the defendants, in their official capacity as members of the board of education of the city and county of San Francisco, to approve his demand upon the common school fund of the school district of said city and county in the sum of $100, which it was alleged was the balance due him for salary under a previously existing contract, whereby the plaintiff was employed by the defendants as storekeeper for said board of education.  In the court below the defendants interposed a general demurrer to plaintiff's petition for a writ of mandate, specifying as ground of demurrer only the insufficiency of the facts stated to warrant the issuance of the writ.  Upon the demurrer being overruled, the defendants filed an answer, which in effect admitted that all of the allegations of the plaintiff's petition were true.  The case comes here upon an appeal from the judgment and upon the judgment-roll alone.

The petition for the writ, after alleging the facts necessary to show the legal entity and powers of the defendants as an integral part of the state's educational system, pleaded the contract whereby the plaintiff was employed by the defendants from month to month at a salary of $150, payable monthly on the first day of each and every month, and that thereafter in the month of September, 1909, and before the expiration of the month, the defendants without cause discharged the plaintiff from his position.  Thereafter, the petition alleges, the defendants, upon presentation, approved plaintiff's demand against the common school fund of the school district of the city and county of San Francisco for the sum of $50 as salary for one-third of the month of September, 1909, but refused to approve said demand upon said fund for

the $100 additional, claimed as the remainder of the salary due plaintiff under his contract for the balance of said month of September.

No question of want of funds is involved in the defendants' refusal to approve plaintiff's demand.

Although the cause of action set out in the plaintiff's petition is founded upon the contract, the prayer of the petition is framed upon the theory that upon proof of the contract and its breach the defendants can be compelled by *mandamus* to honor plaintiff's demand, and upon that theory the case was tried and determined.

The first point presented in support of the appeal involves the power of the defendants as a board of education to prematurely dismiss without cause and without pay an employee, whose services were contracted for from month to month at a fixed monthly salary. It was the contention of the plaintiff, concurred in apparently by the trial court, that the employment of plaintiff could be terminated without cause and his salary suspended only upon the expiration of the term for which he was employed. It is not disputed by the defendants that ordinarily an employee employed by the month is entitled to his salary for the full month when he is discharged without cause before the expiration of the month, but it is insisted that section 1617 of the Political Code creates a different rule in the case of employees of a school district, and must control and conclude the rights of the parties here. That section in substance defines and fixes the rights and duties of boards of education in many matters, including the power to employ janitors and other employees, and to fix and order paid their compensation. There is nothing, however, in this section— and we have not been cited to any other provision of either the general or the school law of the state—which exempts the contracts of a school board, other than those involving the tenure of a teacher's employment, from the application and operation of the rules of law which ordinarily obtain in the interpretation and enforcement of contracts of employment generally. The fact that the plaintiff was discharged without cause before the expiration of his term of employment, and has been at all times—as is admitted by the pleadings—ready, willing and able to perform his duty in compliance with his contract, undoubtedly gave him a cause of action upon and for

breach of the contract; and if the case had been tried and determined solely upon that theory, a judgment for damages for the breach would be sustained. (*Stone* v. *Bancroft,* 112 Cal. 652, [44 Pac. 1069], 139 Cal. 78, [70 Pac. 1017, 72 Pac. 717]; *Hancock* v. *Board of Education,* 140 Cal. 554, [74 Pac. 44].)

The defendants on this appeal also contend that if the plaintiff could have maintained an action for damages for breach of the contract, then such action would have afforded plaintiff a plain, speedy and adequate remedy, and consequently the remedy by *mandamus* is not available.

Ordinarily this would be so; but the general rule that *mandamus* will not lie where any other remedy is provided is subject to the qualification that *mandamus* may be invoked in those cases where the remedy by any other form of action or proceeding would not be equally as convenient, beneficial and effective. In other words, the remedy by *mandamus* will be denied only when the party seeking relief has a plain remedy at law which is not only speedy but adequate in the sense that in and of itself it is capable of directly affording and enforcing the relief sought; and if it be found that the remedy at law, although it could and might result in a judgment for plaintiff, is nevertheless inherently incapable of compelling the performance of the specific act which forms the subject matter of an application in *mandamus,* it cannot be said that the remedy at law is equally convenient, beneficial and effective to the extent that it will supersede the remedy by *mandamus.* (*Fremont* v. *Crippen,* 10 Cal. 211, [70 Am. Dec. 711]; *Babcock* v. *Goodrich,* 47 Cal. 488; *Raisch* v. *Board of Education,* 81 Cal. 542, [22 Pac. 890]; *Robertson* v. *Trustees,* 136 Cal. 403, [69 Pac. 88].)

It was upon this interpretation of the rule which governs in *mandamus* that the supreme court, in *Raisch* v. *Board of Education,* 81 Cal. 546, [22 Pac. 890], held that *mandamus* was the proper and only adequate remedy to compel a board of education to draw a draft for supplies furnished pursuant to a contract made with the board. In the case at bar the defendants were undoubtedly authorized to enter into the contract in suit; and if the plaintiff had not been discharged and had continued in the service of the defendants until the end of the month, it would not be disputed that he would be entitled to the full salary due him under the contract. Hav-

ing performed all of the conditions required of him by the contract, he could not rightfully be discharged without cause and thereby deprived of the balance of the salary due him under the contract. In legal effect, therefore, his position with reference to the payment of the salary contracted for was the same as if he had not been discharged. In either event he would be entitled to the full salary, but he could be paid under the law only by a demand upon the school fund signed and approved by the defendants. This being so, the contract must be construed "to be one to draw drafts and not to pay money directly." It follows that no ordinary action which the plaintiff might have had against the defendants individually or as a board for breach of the contract would be "equally convenient, beneficial and effective as the proceeding by *mandamus,* since it would not have compelled the board to do what it had contracted to do and what official duty required them to do." (*Raisch* v. *Board of Education,* 81 Cal. 542, [22 Pac. 890] ; *Apgar* v. *Trustees,* 34 N. J. L. 308; Merrill on Mandamus, secs. 109, 115, pp. 130, 140.)

The rule declared in *Raisch* v. *Board of Education,* 81 Cal. 546, [22 Pac. 890], has never been reversed or doubted in any subsequent opinion of the supreme court; and we are unable to discern any material distinction between that case and the case at bar. In effect both cases are founded upon a violation of official duty amounting to a breach of contract; and, with the single exception that in the present case the plaintiff's contract was for services rather than merchandise, both cases are identical in point of fact and in the nature of the relief prayed for. If in the cited case last referred to *mandamus* had been sought to compel the payment of the contract price of personal services instead of supplies furnished, we apprehend that the decision would have been the same.

*Mandamus* being the only adequate remedy available to plaintiff, the question as to whether or not he was discharged without cause and in violation of the contract was properly tried and determined in the court below. (See Code Civ. Proc., sec. 1090; *Raisch* v. *Board of Education,* 81 Cal. 542, [22 Pac. 890] ; *Bannerman* v. *Boyle,* 160 Cal. 197, [116 Pac. 732].)

The judgment appealed from is affirmed.

Hall, J., and Kerrigan, J., concurred.