[S. F. No. 10418. In Bank.—March 10, 1923.]

JOHN S. DUFTON, Petitioner, v. GILBERT B. DANIELS et al., Respondents.

[1] FUGITIVE FROM JUSTICE—EXTRADITION—STATE AGENT—PAYMENT OF EXPENSES—SECTION 1557, PENAL CODE.—Section 1557 of the Penal Code makes it the plain duty of the board of control to audit and allow the necessary traveling expenses of a state agent appointed by the Governor to return a fugitive from justice to the state, unless in fact the fugitive so returned by him was not placed on trial.

[2] ID.— SECOND EXTRADITION — PLACING ON TRIAL.— A fugitive from justice is "placed on trial," within the meaning of section 1557 of the Penal Code, where he was returned to this state from another state by an agent appointed by the Governor for that purpose, and held to answer, but before trial fled to another state, from which he was returned by another agent and at the conclusion of his trial the court advised, under section 1165 of the Penal Code, an acquittal and the filing of an amended information, upon which the defendant was tried and convicted, it being admitted that the latter trial was upon the precise charge for which the fugitive was extradited; and the first agent is entitled to have his claim for expenses approved by the state board of control.

190 Cal.—37

[3] Mandamus — Judicial Action — Board of Control — Control of Action.—The fact that the board of control in auditing claims against the state acts in a sense judicially does not preclude the issuance of a writ of mandate to control its action where the facts are all admitted and are susceptible to but one construction.

[4] Fugitive from Justice—Expenses of Agent—Placing on Trial —Conclusion of Board of Control—When not Conclusive.— The conclusion of the board of control that a claim for expenses of an agent who returned a fugitive from justice to the state is not a valid claim cannot be construed as a finding of fact that the fugitive was not placed on trial, which is conclusive on the supreme court, where the substantive facts are admitted and are susceptible to but one conclusion; the claimed finding of fact is but an erroneous conclusion upon a question of law.

[5] Id. — Jurisdiction of Court. — The supreme court has original jurisdiction to entertain a proceeding in *mandamus* to compel the state board of control to audit and allow a claim for necessary traveling expenses of a state agent in returning to the state a fugitive from justice, under the provisions of section 1557 of the Penal Code.

[6] Id.—Remedies—Action at Law—Mandamus.—The fact that the petitioner in such a case has a plain remedy at law under the statutes (Stats. 1893, p. 57, and Stats. 1921, p. 1592), does not defeat his right to proceed by *mandamus,* as the former remedy is not equally convenient, beneficial, or effective.

APPLICATION for Writ of Mandate directed to the State Board of Control to compel the auditing and allowance of a demand for traveling expenses in returning a fugitive from justice. Writ granted.

The facts are stated in the opinion of the court.

Leon E. Gray and Robert M. Ford for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondents.

MYERS, J.—This is an application for a writ of mandate to compel the state board of control to audit and allow petitioner's claim for his necessary traveling expenses as a state agent in returning to the state of California a fugitive from justice, under the provisions of section 1557 of the Penal Code. The admitted facts are that one Newell, a fugitive from justice under a charge in Alameda County of a violation of section 476a of the Penal Code, was arrested in

the state of New York. Thereupon the Governor of California issued a demand for his extradition and appointed petitioner a state agent for the purpose of returning him to California. Petitioner went to New York, secured the prisoner, returned him to California and delivered him to the city prison in Oakland. Upon a preliminary hearing he was held to answer, and the district attorney thereupon filed an information in the superior court of Alameda County, charging him with the offense for which he had been extradited. Thereafter he was admitted to bail and when his case was called for trial failed to appear, whereupon the court declared the bail forfeited and ordered that a bench warrant issue. Thereafter he was rearrested in Arizona and again returned to California upon extradition proceedings, this time by another agent of the state appointed for that purpose. His case was again called for trial, a jury impaneled and sworn and a trial had, at the conclusion of which the court, acting under Penal Code, section 1165, advised the jury to acquit, ordered that the prisoner be detained in custody, and that the district attorney file an amended information upon the same charge, which was done. His case again came on for trial and he was tried, convicted, and sentenced to San Quentin.

Petitioner presented to the respondent, board of control, his claim for traveling expenses incurred in bringing back the prisoner from New York, pursuant to section 1557 of the Penal Code, which provides:

"When the governor of this state, in the exercise of the authority conferred by section 2, article IV, of the constitution of the United States, or by the laws of this state, demands from the executive authority of any state of the United States, or of any foreign government, the surrender to the authorities of this state of a fugitive from justice, who has been found and arrested in such state or foreign government, the accounts of the person employed to bring back such fugitive must be audited by the board of control and paid out of the state treasury; provided, however, that the state shall not pay the expenses of any such person so employed where the fugitive returned is not placed on trial, but such expense shall be a charge upon the county asking the requisition."

No question is made as to the form or sufficiency of the claim presented, and no contention is made that the items

thereof were not actually and properly expended by petitioner in the performance of his duty. The claim was disallowed solely on the ground that it did not constitute a legal claim against the state of California, the sole contention of the board being that the fugitive returned was not "placed on trial" as required by said section, because of the circumstance that he was not actually tried until after he had escaped and had been returned to California a second time. Respondents argue that the fugitive was in fact "placed upon trial in connection with that second return from Arizona," and that therefore he was not placed upon trial in connection with the first return from New York. From this they conclude that petitioner is not entitled to reimbursement for his traveling expenses from the state. There is no merit in this contention. [1] The code section makes it the plain duty of the board of control to audit and allow the necessary traveling expenses of the petitioner incurred as above recited, unless in fact the fugitive so returned by him was not placed on trial. The language of the section is plain and unambiguous, and it is not necessary to invoke the settled rule of construction that an exception contained in a statute to a general rule laid down therein is to be strictly construed (Black on Interpretation of Laws, p. 275; Lewis' Sutherland on Statutory Construction, 2d ed., sec. 352), and that "where the enacting clause is general in its language and objects and a proviso is afterward introduced, that proviso is construed strictly and takes no case out of the enacting clause which does not fall fairly within its terms." (*United States* v. *Dickson*, 15 Pet. 141, 165 [10 L. Ed. 689, see, also, Rose's U. S. Notes].) Neither is it necessary to consider here whether, if the fugitive had in fact been tried upon a charge different from that upon which he had been extradited, the proviso in the section would apply. The fact is admitted herein that the fugitive so returned was actually placed upon trial upon the precise charge on which he had been extradited and was actually tried, convicted and sentenced. [2] It requires no involved argument to demonstrate that this does not present a case falling within the purview of the said proviso.

[3] The fact that the board of control in auditing claims against the state acts in a sense judicially does not preclude the issuance of a writ of mandate to control its action, where, as here, the facts are all admitted and are susceptible to but

one construction. (*Grand Lodge, etc.*, v. *Markham*, 102 Cal. 169 [36 Pac. 423] ; *Robertson* v. *Board of Library Trustees, etc.*, 136 Cal. 403 [69 Pac. 88] ; *Wood* v. *Strother*, 76 Cal. 545 [9 Am. St. Rep. 249, 18 Pac. 766] ; *Raisch* v. *Board of Education*, 81 Cal. 542 [22 Pac. 890] ; *U'ren* v. *State Board of Control*, 31 Cal. App. 6 [159 Pac. 615] ; *Puterbaugh* v. *Wadham*, 162 Cal. 611 [123 Pac. 804].)

[4] It is urged that the conclusion of the board of control that this was not a valid claim against the state must be construed as a finding of fact that the returned fugitive was not placed on trial in this state, and that such finding of fact is conclusive upon this court. It cannot be so regarded. All of the substantive facts are here admitted; they are susceptible to but one construction; and the claimed finding of fact is but an erroneous conclusion upon a question of law. (*San Diego etc. Ry. Co.* v. *State Board of Equalization*, 165 Cal. 560, 564 [132 Pac. 1044] ; *Grand Lodge, etc.*, v. *Markham, supra; Wood* v. *Strother, supra; Harelson* v. *South San Joaquin Irr. Dist.*, 20 Cal. App. 324 [128 Pac. 1010] ; *Inglin* v. *Hoppin*, 156 Cal. 483, 489 [105 Pac. 582].) It may be conceded for the purposes hereof that if there had been a disputed question of fact determined by the board upon conflicting evidence its finding thereon would be conclusive, but such is clearly not the case here.

[5] That this court has original jurisdiction to entertain such a proceeding does not admit of serious question. (Const., art. VI, sec. 4; *Scott* v. *Boyle*, 164 Cal. 321 [128 Pac. 941] ; *Santa Cruz etc. Co.* v. *Board of Supervisors*, 62 Cal. 40, 41; *San Diego etc. Ry. Co.* v. *State Board of Equalization, supra; Grand Lodge, etc.*, v. *Markham, supra.*

[6] Respondents' contention that *mandamus* will not lie in the instant case because there is available to petitioner a plain, speedy, and adequate remedy at law is predicated upon the existence of two statutes. (Stats. 1893, p. 57, and Stats. 1921, p. 1592.) It may be conceded that the latter, at least, of these two statutes does provide a plain remedy at law, available to petitioner in the pursuit of which he will be entitled under the facts alleged in his petition to a judgment against the state for the amount due upon his claim. But it does not necessarily follow therefrom that *mandamus* is unavailable, because of the existence of such a remedy. "It has been held in this state that to supersede the remedy by

*mandamus,* the party must not only have a specific adequate legal remedy, but one competent to afford relief upon the very subject matter of his application, and one which is equally convenient, beneficial and effective as the proceeding by *mandamus.''* (*Robertson* v. *Board of Library Trustees, etc.,* 136 Cal. 403, 405 [69 Pac. 88]. See, also, *Raisch* v. *Board of Education, supra; Babcock* v. *Goodrich,* 47 Cal. 488; *Ross* v. *Board of Education,* 18 Cal. App. 222 [122 Pac. 967].) The remedy afforded by the statutes above cited is manifestly not equally convenient, because the action therein provided for must be transferred to Sacramento County upon demand of the attorney-general, regardless of the residence of the plaintiff; and it is not equally beneficial or effective, because the plaintiff therein, though successful, cannot recover his costs, and because, as pointed out by Beatty, C. J., in *Polk* v. *State,* 138 Cal. 384, 389 [71 Pac. 435, 648], he has no means of enforcing the payment of such judgment after obtaining it. As was well said in *Ross* v. *Board of Education, supra,* ''the remedy by *mandamus* will be denied only when the party seeking relief has a plain remedy at law which is not only speedy but adequate in the sense that in and of itself it is capable of directly affording and enforcing the relief sought.'' We find nothing in conflict with these conclusions in *Chapman* v. *State,* 104 Cal. 690 [43 Am. St. Rep. 158, 38 Pac. 457]. That case may be regarded as authority for the contention that petitioner here is entitled to maintain an action at law against the state upon his claim; but that is here conceded. The *dictum* in *Crandall* v. *Amador County,* 20 Cal. 72, 75, to the broad effect that the existence of an appropriate legal remedy (without regard to the adequacy or effectiveness thereof) will preclude a resort to the writ of mandate, does not appear to have since been followed or approved by this court, and cannot now be regarded as an accurate statement of the law.

Petitioner herein is seeking merely to compel the performance of a duty especially enjoined by law as a duty resulting from an office. (Code Civ. Proc., sec. 1085; *Spaulding* v. *Desmond,* 188 Cal. 783 [207 Pac. 896]; *Ott Hardware Co.* v. *Davis,* 165 Cal. 795, 801 [134 Pac. 973]; *Puterbaugh* v. *Wadham, supra.*) The duty arises unequivocally from the plain provisions of the code section above quoted under the

facts admitted. It is, therefore, ordered that a peremptory
writ issue as prayed.

Lennon, J., Kerrigan, J., Lawlor, J., Seawell, J., Waste, J.,
and Wilbur, C. J., concurred.