Argued March 9, demurrer overruled March 30, 1926.

## STATE EX REL. PIERCE *v.* HARLEY J. SLUSHER.

(244 Pac. 540.)

**Mandamus.**

1. In determining whether writ shall issue to compel sheriff to perform duty, it is duty of court to take into consideration interest of general public.

**States.**

2. Taxes levied and in the process of collection are treated as in the state treasury.

**Mandamus—Mandamus will not Lie Where There is a Plain, Speedy and Adequate Remedy in the Ordinary Course of Law (§ 613, Or. L.).**

3. *Mandamus* will not lie where there is a plain, speedy and adequate remedy in the ordinary course of law (§ 613, Or. L.), but such remedy, to prevent execution of the writ, must be "adequate" to afford relief to which relator is entitled.

---

3.  See 18 R. C. L. 131.

Mandamus.

4.  *Mandamus* may issue even where other remedies exist, if they are not sufficiently speedy to prevent material injury.

Mandamus.

5.  Propriety of issuance of writ is determined by the inadequacy, and not the mere absence of other legal remedies and the danger of a failure of justice without it.

Mandamus.

6.  Every proceeding in *mandamus* must be determined upon its own setting of facts.

Mandamus.

7.  The right to compel a tax collector by *mandamus* to proceed to collect the public revenue rests upon public requirement for a certain and speedy remedy.

Evidence—It is a Matter of Common Knowledge That Legislative Power of State has Enacted Laws Carrying Appropriations, Which Require Prompt Collection by State Agencies of All State's Revenue.

8.  It is a matter of common knowledge that legislative power of state has enacted laws carrying appropriations, which require prompt collection by state agencies and subdivisions thereof of all the state's revenue.

Mandamus.

9.  To collect its revenues, state need not sue an unwilling sheriff upon his bond, but may by *mandamus* demand that sheriff obey the law and execute lawful warrants.

Mandamus—Mandamus will Lie to Compel Sheriff to Execute Warrants for Collection of Income Taxes Issued to Him by State Tax Commission (Laws 1925, p. 629, § 25).

10.  *Mandamus* will lie at the instance of State Tax Commission to compel a sheriff to perform his duty as required by Laws of 1925, page 629, Section 25, in executing warrants for the collection of income taxes issued to him by State Tax Commission.

Mandamus, 38 C. J., p. 550, n. 6, p. 558, n. 74, p. 561, n. 81, p. 782, n. 34.

States, 36 Cyc., p. 887, n. 58.

Original proceedings in *mandamus.*

For petitioners there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr.*

5.  See 18 R. C. L. 132.
9.  See 18 R. C. L. 134.

*Miles H. McKey,* Assistant · Attorney General, with an oral argument by *Mr. McKey.*

For defendant there was a brief over the names of *Mr. Frank P. Leinenweber,* District Attorney, and *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

BROWN, J.—This is an application for a writ of *mandamus,* by which it is sought to compel Harley J. Slusher, as sheriff of Clatsop County, Oregon, to perform his duty as provided by Section 25, Chapter 316, General Laws of Oregon, 1925. On December 15, 1925, the State Tax Commission, by Walter M. Pierce, Governor, Sam A. Kozer, Secretary of State, Thos. B. Kay, State Treasurer, and Earl L. Fisher, Commissioner, issued to the defendant herein a number of warrants for the collection of income taxes, which he refused to execute. To the alternative writ issued out of this court, the defendant has filed his demurrer, on the ground that the writ fails to state facts sufficient to constitute a cause of action.

1, 2. In the consideration of this cause, we keep in mind the important and admitted fact that the defendant has failed and refused to perform his official duties in the matter of the collection of the revenue of the state, and the further fact that it is the duty of the court, in determining whether the writ shall issue, to take into consideration the interest of the general public: 38 C. J. 550.

"Revenues of the state assessed and in process of collection are to be considered as constructively in the treasury, and may be appropriated and treated as though actually there." 36 Cyc. 887.

This doctrine is announced in the early case of
*State* v. *McCauley,* 15 Cal. 430, where Mr. Chief Jus-
tice FIELD held, in substance, that taxes levied and
in the process of collection are treated as in the state
treasury, and that such revenues may be appropri-
ated in anticipation of their receipt as effectually as
when actually in the treasury.

The McCauley case has been cited with approval
many times: See *People* v. *Pacheco,* 27 Cal. 175;
*State* v. *Medbery,* 7 Ohio St. 529; *In re State War-
rants,* 6 S. D. 518 (62 N. W. 101, 55 Am. St. Rep.
852).

3, 4. We must concede it to be a fundamental prin-
ciple that *mandamus* will not lie where there is a
plain, speedy and adequate remedy in the ordinary
course of law: Section 613, Or. L. However, such
remedy, to prevent the execution of the writ, must be
"adequate" to afford the relief to which the relator
is entitled. Moreover, the writ may issue even
where other remedies exist, if they are not suffi-
ciently speedy to prevent material injury: 2 Bailey
on Habeas Corpus, "Mandamus," 830. In complete
accord with the foregoing is the following concise
statement by Mr. Ferris in his recent text-book on
Extraordinary Legal Remedies, page 247:

"The other remedy, to supersede *mandamus,* must
be competent to afford relief upon the very subject-
matter of the application, and be equally convenient,
beneficial, and effective."

5. There is much authority to the effect that it is
the inadequacy, not the mere absence, of all other
legal remedies, and the danger of a failure of justice
without it, that generally determines the propriety
of the issuance of a writ of *mandamus:* See *Robert-
son* v. *Board of Library Trustees, etc.,* 136 Cal. 403,

405 (69 Pac. 88); *Ross* v. *Board of Education,* 18 Cal. App. 222 (122 Pac. 967); *Dufton* v. *Daniels,* 190 Cal. 577 (213 Pac. 949). Another instructive case illustrating this doctrine is that of *State* v. *Mayor, etc. of Wilmington* (Del.), 119 Atl. 856.

6, 7. Every proceeding in *mandamus* must be determined upon its own setting of facts. The right to compel a tax collector to proceed to collect the public revenue rests upon the public requirement for a certain and speedy remedy. In *State ex rel. Coe* v. *Fyler,* 48 Conn. 145, 158, an application for a *mandamus* to compel the tax collector of the town of Torrington to collect a tax laid upon certain property, the Supreme Court of Connecticut held that, notwithstanding there was a remedy at law against the collector on his bond and by execution against his body and estate, this did not constitute a valid reason for refusal to grant a *mandamus.* The court pointed to the fact that collection is certainty and that the substitutes offered might be fruitless and inadequate as a remedy; that both the town and the relator had the right to insist that the tax collector perform his duty according to law, and that he should not be heard to say that he might be punished for nonperformance. To this is added the unanswerable argument that money is necessary to the existence of a government, and that, for the maintenance and protection of government, taxes must be promptly paid when due.

To the same effect is *Smyth* v. *Titcomb,* 31 Me. 272, where the court emphasizes the fact that public policy, and public necessity and justice as well, require prompt and efficient action from tax collectors, to the end that the state, counties, towns and school

districts may be supplied with the authorized amounts, which amounts they must receive in order to accomplish the purpose of their organization.

In the case of *State ex rel. Gaines* v. *Whitworth,* 8 Lea (76 Tenn.), 594, it was held that a *mandamus* is an appropriate remedy to compel the collectors of public revenue to proceed and perform their duties, ''For, unless there was some summary process to compel the performance of these duties, the public treasury would become embarrassed, and great public mischief might ensue: Moses on Mandamus, 139.''

Judge Cooley, in his work on Taxation, likewise announces the doctrine that *mandamus* will lie to compel a tax collector to proceed in its collection, even though there would be other remedies against him: 4 Cooley, Taxation (4 ed.), § 1606. In view of this authority, there ought not to be much question concerning the power of the court to issue its writ compelling the sheriff to perform his duty.

2 Spelling, Injunctions and Other Extraordinary Remedies, Section 1517, in discussing the subject of the enforcement of duties of municipal officers pertaining to taxation, points to *mandamus* as ''the proper remedy to compel the collection of taxes and assessments by officers entrusted with these duties,'' and adds the further statement that ''the court interferes to set such officers in motion.''

To like effect, see High's Extraordinary Legal Remedies (3 ed.), § 143; 38 C. J. 782, § 431.

To the effect that a tax collector may be compelled by *mandamus* to collect a tax which has been duly levied, see 18 R. C. L., § 213, ''Mandamus.'' In support of the text, the editors cite *Davies* v.

*Corbin,* 112 U. S. 36 (28 L. Ed. 627, 5 Sup. Ct. Rep. 4, see, also, Rose's U. S. Notes).

The defendant relies upon the case of *Habersham* v. *Sears,* 11 Or. 431 (5 Pac. 208, 50 Am. Rep. 481). Habersham had recovered a judgment in the Circuit Court for Columbia County for $100, with costs and disbursements, and for the possession of certain saw-logs. The judgment was duly rendered, and, to enforce his judgment, he caused an execution to issue to the sheriff of Multnomah County. The sheriff having neglected to levy the execution on property of the judgment debtor, Habersham applied for a writ of *mandamus.* That was an action upon a private demand, and the court held that *mandamus* would not lie to compel the enforcement of the execution. But that case is not authority for holding that *mandamus* does not lie to enforce the execution of a warrant for the collection of taxes required by the immediate necessities of the state.

8–10. It is a matter of common knowledge that the legislative power of the state has enacted laws carrying appropriations, which require the prompt collection by the various agencies of the state and the subdivisions thereof of all of the state's revenue. The commonwealth of Oregon is not required to collect its public revenue by suing an unwilling sheriff upon his bond. The state has a right to invoke a speedy remedy. It has a right to demand that a sheriff obey the law and execute lawful warrants. In the case at bar, the State Tax Commission, one of the state's agencies for the collection of public revenue, has exercised its right by coming into this court for the purpose of obtaining a direction to another lawful agency to perform a statutory duty. Efficient govern-

ment demands the proper functioning of the various agencies of the state and its subdivisions.

The demurrer is overruled.

                                    DEMURRER OVERRULED.

MCBRIDE, C. J., and BEAN and BELT, JJ., concur.