WILLIAM A. WILSON ET AL., PLAINTIFF IN ERROR, V. MILLS H. BEARDSLEY, DEFENDANT IN ERROR.

Principal and Agent: DRAFT ON AGENT BY PRINCIPAL. The plaintiffs, who were engaged in business in the city of O., in this state, wrote a letter to one N., their salesman at Ogden, Utah, authorizing him to draw on them for $75. He placed a figure 1 before the figures 75, whereby the latter was changed to show authority to draw for $175.00. The letter as changed he showed

29

to one B., the hotel-keeper with whom he was stopping, and thereby induced him to indorse a draft on the plaintiffs for $150. The draft having been protested for non-acceptance, and paid by the indorsee, *Held*, That he could recover against the plaintiff to the extent of the authority of their salesman to draw on them.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*C. J. Greene,* for plaintiffs in error.

*A. C. Troup,* for defendant in error.

MAXWELL, CH. J.

The facts in the above case are substantially as follows:

Wilson & Larison, the plaintiffs in error, were, at the time referred to herein, and are now, importers and jobbers of teas, cigars, and spices, having their principal place of business at Omaha, Nebraska. During the times aforesaid they had in their employ a traveling salesman named A. P. Nichols. Under their contract of hire with him they were to pay him a salary of $75 per month, and commis-missions upon all sales, and he was to pay his own expenses. On the 5th of January, 1883, Wilson & Larison wrote a letter to Nichols, at Ogden, Utah, telling him, among other things, that he might draw on them for $75. This letter Nichols received, and altered, by prefixing the figure 1 to 75, so that it read $175. The change was skillfully made, and well calculated to deceive. The testimony shows that Nichols at this time was a guest of defendant in error; that Nichols desired to draw on plaintiff in error for $150; that it was made to appear that an indorser to the draft about to be drawn was necessary; that defendant in error was requested by Nichols to indorse said draft, and as an inducement to do so exhibited to him and the bank cashier the letter of plaintiffs in error, altered as

aforesaid, apparently authorizing him to draw on them for $175; that on the faith and credit of that letter defendant in error did indorse said draft; that in due course of business said draft was presented to plaintiffs in error at Omaha for payment, and payment by them was refused, on the ground of "no funds"; that said draft was thereupon duly protested and returned unpaid to the bank at Ogden, where defendant in error was required to pay, and did pay, the full amount of the draft, with protest fees, amounting in all to $152.25.

On the trial of the cause in the court below judgment was rendered for $75 in favor of Beardsley, from which the plaintiffs herein bring the cause into this court by petition in error.

No case has been cited exactly in point by either party, and we are compelled to adopt such a rule as will as far as possible do justice between the parties.

The rule is well settled that a principal will be bound by the acts of his agent within the scope of his apparent authority. *St. L. & M. P. Co. v. Parker*, 59 Ill., 23. *Fatman v. Leet*, 41 Ind., 133. *Kerslake v. Schoomaker*, 3 N. Y., 524. *Tucker v. Woolsey*, 64 Barb., 142. *Phila., etc., R. R Co. v. Weaver*, 34 Md., 431. *Bronson v. Chappell*, 12 Wall., 681. *Golding v. Merchant*, 43 Ala., 705.

The plaintiffs must have intended that their letter above referred to should be used as a letter of credit to enable Nichols to obtain the $75 upon the draft which he was authorized to draw on them. To this extent he was acting within the scope of his authority, and his acts were valid. The draft, therefore, was unauthorized only as to the excess over $75. Nichols was the plaintiffs' agent, and so held out by them, to some extent at least, as being trustworthy.

This fact, while it would not make them liable for any material alteration in the letter made by such salesman, is yet a circumstance tending to show that he had some claim

upon them, and thereby, no doubt, led to less careful inquiry in regard to the extent of the agent's authority than otherwise would have been had. The letter was in the nature of a power of attorney, by which the principals agreed to ratify the act of the agent to a certain extent, authorizing him to draw in his own name upon them for a certain amount. Now suppose that the agent had changed this so as to show authority in him to draw two drafts on the plaintiffs, each for $75, could they plead as a defense to the first draft that it was unauthorized, and that therefore an innocent indorser relying upon their letter should be defrauded? We think not. The authority would be wanting only as to the second draft. The same rule is applicable here, there being an actual authority to draw to the extent of $75. The judgment of the court below is clearly right, and is affirmed.

JUDGMENT. AFFIRMED.

THE other judges concur.