HOWELL, JEWETT & CO., PLAINTIFFS IN ERROR, v. GRAFF, MURRAY & CO., DEFENDANTS IN ERROR.

1. **Principal and Agent.** A special agent who acts within his apparent power will bind his principal by his contracts, even if he has received private instructions which limit his special authority; but if he exceed his apparent power his principal will not be bound.

2. ———: EVIDENCE. Upon the facts proved, *Held*, That the agent did not have absolute power to make a sale, and the same was subject to approval by his principal.

3. **Trial:** EVIDENCE: USAGE. Where both the plaintiff and defendant called witnesses to establish usage, neither can assign error in the admission of such testimony.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Smith & Solomon*, for plaintiffs in error, on usage, cited: *First National Bank v. Burkhardt*, 10 Otto, 686, and cases

cited. *Oelricks v. Ford*, 23 How., 49. *Bryne v. Packing Co.*, 137 Mass., 313. Clarke's Brown on Usages and Customs, Sec. 40. *Partridge v. Phœnix Insurance Co.*, 15 Wall., 573. Principal and agent: *Hill v. Miller*, 76 N. Y., 32. *Banks v. Everest*, 35 Kan., 687. *Furnas v. Frankman*, 6 Neb., 432. *Wilson v. Beardsley*, 20 Id., 449. *Fatman v. Leet*, 4 Ind., 133.

*Clinton N. Powell*, for defendants in error, cited: Ewell's Evans on Agency, 22. *Jones v. Turk*, 33 Iowa, 246. 1 Parsons' Contracts, 45. *Mussey v. Beecher*, 3 Cush., 517. *Mechanics Bank v. R. R. Co.*, 3 Kernan, 632. *Korneman v. Monaghan*, 24 Mich., 36. *Hammond v. Bank*, Walk. Ch., 214.

MAXWELL, J.

On the 30th day of September, 1886, the plaintiffs filed a petition in the district court of Douglas county against the defendants, to recover the sum of $1,419.30, with interest, for breach of contract, for that on the 4th day of August, 1886, the defendants entered into a written contract of sale with plaintiffs, and on that day sold to the plaintiffs a certain lot of dimension timber for immediate shipment, delivered at Atchison, Kansas, all white pine, at $16.50 per M., terms 90 days. The contract of sale was in writing.

The defendants failed to deliver any part of the lumber, and this suit was brought to recover the difference between the contract price, to-wit, $16.50 per M., and the market price, the difference being $1,419.30.

The defendants, in their answer, set up that their agent, Fyfe, who made this contract, was, on the 4th day of August, 1886, employed by the defendants to solicit orders for certain kinds of lumber, certain specified kinds and grades only, and that he had special and specific orders and instructions not to solicit orders for lumber of any

kind or grade from plaintiffs, or to have any dealings with them whatsoever, and that he had no authority to receive or accept orders from plaintiffs, or to enter into any contract with them, and setting out that the prices in said contract were below the market prices and values of lumber at the time, and also below the prices that Fyfe was instructed to take and solicit orders; and further alleging that the contract was made by mistake, and that after it was made said agent notified the plaintiffs, and that the same was canceled and annulled.

On the trial of the cause in the court below a jury was waived and the cause submitted to the court, which found for the defendants, and dismissed the action.

The principal question in the case is the apparent authority of the agent, Mr. Fyfe, to make the contract sued on. The testimony fails to show such apparent authority, while it does tend to show that orders were taken subject to approval by his principal. It appears that on the 5th day of August, 1886, the order was taken, Fyfe estimating the weight per 1,000 feet of green pine lumber at 2,800 lbs. In the evening, however, in revising his figures, he discovered that he had made a mistake of 1,000 lbs., the estimate should have been 3,800 lbs. He then telegraphed his principal to know if they would fill an order of the kind specified at $16.50 per M., to which they answered, in substance, no, but at $19.50 per M. Fyfe claims to have notified the plaintiffs on the next day of this refusal. This the plaintiffs deny. There is considerable dispute in the testimony as to what took place between the parties afterwards, but that matter does not seem to be material in the case. The whole question turns upon the apparent authority of Fyfe to make an absolute contract and give credit for 90 days, and the testimony fails to clearly establish such apparent authority. The rule is, that if a special agent exercise the power exhibited to the public the principal will be bound, even if the agent has received private

instructions which limit his special authority. *Wilson v. Beardsley,* 20 Neb., 449. The proof, however, fails to show that Fyfe had apparent authority from his principal to make an absolute sale upon the terms proposed.

2d. Some objection is made to proof of usage, but both parties resorted to this proof to sustain the issues on their respective parts, and cannot now complain.

There is no error apparent in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.