LINCOLN VITRIFIED PAVING &. PRESSED BRICK COMPANY v. CLARISSA BUCKNER.

FILED JANUARY 16, 1894.    No. 5609.

1. **While evidence must be confined to the issues, it is** not essential that it should always bear directly upon the precise point in issue, but is admissible if it affords a reasonable inference upon that point.

2. **Negligence:** PERSONAL INJURIES: EVIDENCE. Thus in an action for injuries sustained by a child who stepped into burning ashes deposited in a street, where it was shown that some one had been systematically depositing ashes for a considerable period at that spot, it was not error to permit a witness to testify that it was the defendant who had at other times near that of the accident been so doing.

3. **Review:** HARMLESS ERROR. The court will not reverse a judgment for personal injuries because of improper hypothetical questions put to medical experts for the sole purpose of proving the permanency of the injuries where the verdict is so small as to render it evident that the jury had not found the injuries to be permanent.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Charles O. Whedon,* for plaintiff in error, cited: *Woodbury v. Obear,* 7 Gray [Mass.], 467; *Williams v. Brown,* 28 O. St., 547.

*A. J. Cornish, contra,* cited: *Shaber v. St. Paul R. Co.,* 28 Minn., 108; *State v. Manchester & L. R. Co.,* 52 N. H., 528; *Foxworthy v. City of Hastings,* 25 Neb., 133.

IRVINE, C.

Clarissa Buckner, an infant five years of age, brought this suit by her next friend against plaintiff in error, alleging in brief that on or about the 29th day of July, 1889, the brick company unlawfully and negligently deposited on K street, in Lincoln, hot and burning coal, cinders, and ashes dangerous to the traveling public, and that the plaintiff, while walking upon that street, without negligence upon her part, stepped upon said coals, cinders, and ashes, whereby she was severely and dangerously burned in her feet and limbs. The answer was in effect a general denial. There was a verdict and judgment for plaintiff for $300.

The first assignment of error argued is based upon the court's permitting the father of the plaintiff to testify that it was the custom of the defendant during the months of June, July, and August, 1889, to deposit the ashes from its kilns at the spot where the plaintiff was injured. This testimony was followed by proof by the same witness that during the week when the injury was sustained he saw the brick company hauling burning ashes to that spot. If this testimony were improper it is doubtful whether the brick company could avail itself of the error. Practically all the evidence offered by the company upon this issue was of the same character, consisting of testimony to the

effect that it was the custom of the company to throw water upon the ashes before they were hauled from the kilns. Both parties having resorted to this method of proof, it is doubtful if either could complain. (*Howell v. Graff*, 25 Neb., 130.) But we do not think that the admission of this evidence was erroneous. The proof showed that there was, or had been, a low spot at the point in question, and that there had been a more or less continuous depositing of ashes there by some one. Other witnesses testify that the ashes there deposited were brought from the kilns, and there was proof that the defendant's kilns were in close proximity and that there was no other kiln in the neighborhood. While generally the commission of an act cannot be established by proof of the commission of similar acts at other times, we think that here the deposition of the ashes constituted a continuous act, and that proof that it was the defendant company which was making the deposits in question generally, accompanied by proof of the other circumstances complained of, fairly tended to prove the precise issue in this case, which was the depositing of the particular ashes which caused the injury. The evidence cannot always be confined to the precise point in issue, but all evidence is admissible except that which is incapable of affording any reasonable presumption or inference as to the principal fact in dispute. (1 Greenleaf, Evidence, sec. 52.) Facts which, though not in issue, are so connected with the fact in issue as to form a part of the same transaction or subject-matter are deemed relevant to the fact with which they are so connected. (Stephen, Digest of Evidence, art. 3.) The judge may admit as relevant the evidence of all those matters which shed a real, though perhaps indirect and feeble light on the question in issue. (Taylor, Evidence, sec. 316.)

In this connection we should consider the assignments that the verdict was not sustained by the evidence, and that the court erred in giving instructions submitting the ques-

tion of negligence to the jury. These assignments are based upon the argument that there was a failure to prove that the defendant company deposited the ashes which caused the injury. What we have already said largely disposes of these assignments of error. But aside from the testimony above referred to there was that of at least one witness who saw the accident and testified directly that he saw these particular ashes brought from the kiln. It is true that the defendant offered evidence tending to show that all ashes were cooled down by water before they were hauled away, and that unless this were done they would burn the barrows used in hauling them and stifle the men engaged, with their fumes; but we cannot say that the jury was bound to believe this evidence in the face of the direct and positive testimony to the contrary.

Numerous errors are assigned because of the admission of the testimony of physicians in relation to the injury and its effect. These questions related mostly to the permanency of the injury. Without examining the evidence in detail, we think there is in the record sufficient evidence upon which to base the hypotheses of these questions. This is the principal objection urged. But even if the questions were unwarranted, we would not disturb the verdict upon this ground. The evidence shows, without contradiction, that the injury sustained was of a severe nature; that scars remained which would be permanent; that the child suffered excruciating agony; that she was confined to her bed for weeks and was unable for months to wear shoes. The verdict was only for $300, and it is not possible that the jury could have found that the injuries were permanent, otherwise than as inflicting a permanent scar, because if such had been found the verdict would certainly have been much larger. Manifestly upon the permanency of the injuries the jury found for the defendant, and any errors in the admission of testimony directed simply to that point would be without prejudice. The evidence

showed that between the time of the accident and the time of trial the child had been afflicted with eruptions and "running sores" upon the injured leg. One of the witnesses, Dr. Crim, was asked the following question: "In cases of that character, where it is followed by eruptions and you knew of no other cause to attribute those eruptions to except that the child had been burned previously where the eruptions were, what would you attribute those eruptions to?" He answered: "Injury from a burn." Previously general questions had been put to him seeking to elicit the cause of the eruptions, and his answers were, in effect, that in order to ascertain the cause he must have such knowledge as would exclude all sources of eruptions excepting the source suspected. We do not think this testimony was erroneously admitted when examined in connection with the rest of his testimony. It amounted to evidence that an injury from a burn would be a sufficient cause for such eruptions. There is abundant evidence that the general health of the child was good and no evidence whatever of the existence of other causes for eruptions. They had not occurred before the injury. They had occurred frequently since the injury. We find no material error in the record and the judgment must be

AFFIRMED.