T. T. McDONALD v. TOOTLE-WEAKLEY MILLINERY COMPANY.

FILED MAY 8, 1902.   No. 11,848.

1. **Peremptory Instruction: UNDISPUTED FACTS.** Where there are no disputed facts for the determination of the jury, it is not error to give a peremptory instruction in favor of the party entitled thereto on the undisputed facts.

2. **Evidence.** Evidence examined, and *held* that no question of negligence on the part of plaintiff is presented, such as would relieve the defendant of his liability as guarantor of the payment of the debt sued for.

3. **Liability of Guarantor.** It is not required that exclusive reliance be placed on the guaranty of a third party to pay the debt of another in order to recover on the liability of such guarantor. If the credit was extended on the faith of the guaranty this is sufficient.

ERROR from the district court for Madison county. Tried below before CONES, J.  *Affirmed.*

*George F. Boyd,* for plaintiff in error.

*Mapes & Hazen, contra.*

HOLCOMB, J.

This action was instituted against the plaintiff in error, defendant below, as guarantor, for a balance due on a bill of merchandise sold by the plaintiff to one Mrs. M. E. Northington. The written guaranty on which the action is grounded is as follows:

"DEAR SIR *answering* to your *inquery* on this sheet will say I have *Loaned* Mrs. Northington *Sufecient* capital to

41

*Start* in the *Bisness* she *hes Now conductin* and am *re-sponcible* for all *Bills* she contracts in her *Bisness*.

"T. T. McDonald."

After the issues as made by the pleadings were formed, the cause was reached for trial and on the submission of the evidence the court peremptorily instructed the jury to return a verdict for the plaintiff for the amount claimed. A motion for a new trial being overruled, judgment was entered on the verdict, and to secure a reversal thereof the defendant prosecutes error. It is urged as grounds of reversal that by the peremptory instruction given, the trial court committed error in three particulars.

First it is argued in brief of counsel for plaintiff in error that the question of whether or not the person to whom the goods were sold had closed out and discontinued the business in which she was engaged when the guaranty was given, and later on began a new business to which the guaranty did not extend or apply, should have been submitted to the jury as a disputed question of fact for its determination. The answer alleged that the business which the debtor was engaged in at the time the guaranty was given had been closed out and discontinued, but later on a new business begun, during which latter period the goods, the value of which is sued for, were sold, and for that reason the defendant was not liable on his guaranty. Examination of the evidence on this point shows indisputably that the business Mrs. Northington was engaged in when the guaranty was given, was continued until some time after the bill of goods in controversy was sold. The alleged discontinuance consisted only in the purchaser, who was a milliner, closing her millinery store for a brief period during the dull summer months, a part of which time she was absent from the village in which she carried on her business. The business and the business fixtures, her store-room and goods not sold, remained as before under her custody and control, and the business actively resumed about the time of the purchase of the goods in controversy. The guaranty was given January 22, the order for the

bill of goods in controversy made August 1, and the goods sold August 20. We find no disputed question of fact on this point to submit to the jury and the trial court there-fore committed no error in that regard.

It is next contended that the plaintiff was so negligent in its effort to collect the money due from the purchaser as to relieve the guarantor of all liability. It is claimed the purchaser sold her business in January following, of which fact the plaintiff was advised, and requested to forward its account against her to a local bank for collection. The evidence is uncontradicted that, immediately upon receipt of the information mentioned, the account was forwarded through plaintiff's attorneys to the bank, as requested, for collection, but before it had reached the bank the funds of the debtor had been withdrawn. It does not appear that she had at any time made any arrangement to pay the account. All that appears is that the bank held the check given as payment by the purchaser of the business to Mrs. Northington for a day or two, presumably for the purpose of collection. The application of the proceeds of the check was at all times under the direction and control of Mrs. Northington, who had sold out her business. It does not appear that the bank at any time had funds at its disposal to satisfy the balance due on the account in controversy. This certainly presents no question of negligence which in any possible view of the matter could relieve the guarantor of the liability he had assumed.

The third and last ground on which error is sought to be predicated is that the goods were sold on the strength and individual credit and standing of the purchaser and that the court erred in assuming that the goods were sold entirely on the strength of the guaranty. On this point it is sufficient to say that the plaintiff relied on the guaranty and extended credit on the faith of it. It is not required that exclusive reliance was placed on the guaranty. The seller may have relied, and probably did rely, on the credit and standing of the purchaser, as well as on the faith of

the guarantor's ability and liability to make good any default of the principal debtor, and that it did this is beyond serious controversy.

We perceive no error in the record and the judgment of the trial court should be, and accordingly is,

AFFIRMED.