LANDIS & SCHICK, APPELLANTS, V. GEORGE WATTS,
APPELLEE.*

FILED SEPTEMBER 16, 1908.  No. 15,281.

1. Evidence: ADMISSIBILITY. If the evidence relative to a material
fact is conflicting, any collateral fact or circumstance tending in
a reasonable degree to establish the probability or improbability
of the disputed fact is relevant and properly admitted, although
it may not tend directly to prove any issue in the case.

2. ———: EXPERTS. Hypothetical questions propounded to an expert,
if so framed as to fairly and reasonably reflect the facts proved
by any of the witnesses in the case, will be sufficient, provided
the subject is one proper for expert testimony.

3. Appeal: CONFLICTING EVIDENCE. In law cases the verdict of a jury
will not be set aside if based upon conflicting evidence, unless
that verdict is clearly wrong.

APPEAL from the district court for Seward county:
BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*T. L. Norval, Ray J. Abbott* and *C. A. Robbins,* for
appellants.

*M. D. Carey, contra.*

ROOT, C.

Action on an alleged account stated in settlement for
attorney fees. Defendant prevailed, and plaintiffs appeal.
Shortly after the termination of the litigation wherein
plaintiffs appeared for defendant, he paid them $100, and
they claim that he then agreed to pay $125 additional in
settlement of their account. Defendant denies making the
promise, and says that he paid plaintiffs more than their
services were worth, and all that he intends to pay.

1. Error is predicated on the admission of testimony
tending to prove the value of plaintiffs' services. The
court instructed the jury that said testimony should be

* Rehearing allowed, reversed. See opinion, 84 Neb. ———.

considered solely for the purpose of determining whether an account was stated between the parties, and that, if such a settlement had been made, it was immaterial whether or not their services were worth the sum claimed. We are of opinion that the testimony was admissible. The testimony concerning the settlement was conflicting, and any evidence that would reasonably tend to establish the probability or improbability of the fact in issue was properly admitted. *Shepherd v. Lincoln Traction Co.,* 79 Neb. 834; *Farmers State Bank v. Yenney,* 73 Neb. 338; *Blomgren v. Anderson,* 48 Neb. 240; *Lincoln Vitrified Paving & Pressed Brick Co. v. Buckner,* 39 Neb. 83. If the jurors believed that the services rendered were not worth more than $50 to $100, they would be justified in considering that an agreement to pay more than twice that sum was unreasonable and improbable.

2. That the hypothetical questions do not fairly reflect the evidence. The questions are not models, but they present generally defendant's testimony as to the scope of the services to be performed and actually rendered by plaintiffs, and we are of opinion that the answers thereto did not mislead the jury. Moreover, two at least of the witnesses had actual knowledge of the greater part of the work performed by plaintiffs for defendant, and the court did not commit reversible error in admitting the testimony. *Morrill v. Tegarden,* 19 Neb. 534; Code, sec. 145.

3. That the verdict is contrary to the evidence. The evidence is conflicting, and there are many circumstances tending to corroborate plaintiffs and discredit defendant, but if the jurors believed defendant's testimony, and rejected that of plaintiffs, they were justified in finding as they did, and we cannot lawfully disturb the verdict.

The record does not exhibit prejudicial error, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.