J. H. TEASDALE COMMISSION COMPANY, APPELLANT, V.
SOLOMON C. KECKLER, APPELLEE.

FILED JANUARY 5, 1910. No. 15,602.

1. **Appeal: CONFLICTING EVIDENCE.** Where the testimony of witnesses
adduced in the trial of a cause to a jury is conflicting, the verdict
will not ordinarily be set aside, as the jurors are the sole judges
of the weight of the evidence.

2. **Sales: INSTRUCTIONS.** The instructions given by the court to the
trial jury examined, but not set out in the opinion, *held* to have
been a fair submission of the issues and questions of law, and no
prejudicial error is found.

REHEARING of case reported in 84 Neb. 116. *Former
opinion vacated and judgment of district court affirmed.*

REESE, C. J.

This case is resubmitted upon a rehearing. The orig-
inal opinion is reported in 84 Neb. 116. The statement
of the facts deemed by the commissioner to be essential to
a proper understanding of the case is contained in the
opinion, and is correct. But, upon a re-examination of
the record, we are persuaded that, in a limited number
of instances, the statement is hardly complete. On the
trial the defendant testified that in the conversation had
with Thatcher over the telephone on the 3d day of De-
cember, the day after the receipt of the card-bid, he stated
to Thatcher that he would fill the bid provided he could
obtain the necessary cars in which to ship the grain.
Thatcher admitted the fact of the conversation, but claims,
and testified, that the acceptance by defendant was un-
conditional. The evidence is clear, and the fact undis-
puted, that the Missouri Pacific railroad is the only one
operating through Manley, where defendant had his grain,
and his place of business; that the railroad company did
not furnish a sufficient number of cars to meet the de-
mands of shippers, and that that condition had existed
for some time prior to the receipt of the card-bid and the

conversation over the telephone wire. Defendant also testified that Thatcher replied that he would have to submit the matter of the conditional acceptance to plaintiff. If the testimony of defendant was the truth, and of that the jury were the sole judges, the contract was indefinite and made to depend upon the condition, and therefore, even had it not been void under the statute of frauds, there was no agreement to furnish any specific number of bushels. It is true the corn which defendant subsequently shipped took the contract out of the statute, yet, if the condition existed at all, it was carried throughout the whole transaction, and the number of bushels agreed upon were still subject to the condition. It appears that when Thatcher sent his telegram to plaintiff reporting the purchase he said nothing about any condition, but reported the purchase as unconditional. On the receipt of the telegram from Thatcher, plaintiff mailed to defendant the confirmation of the purchase. It is to be noted that this letter contained terms which were not mentioned between Thatcher and defendant. Defendant did not respond to the letter by signing the contract. He never at any time signed any memorandum or note by which he was obligated. He testified that at or about the time of the shipment of the corn furnished by him he wrote plaintiff a letter, in which he said, in substance, that the grain was furnished on the contract; that he had had trouble in obtaining cars; that he had other sales he could not fill, but, if he received the cars, he would fill plaintiff's order. Plaintiff denies having received the letter, but defendant testified that it was duly addressed, stamped and posted in the mail; that his return card was on the letter, and that it was never returned to him by the postal department of the government. This also presented a question for the consideration of the jury. Again, defendant testified that on the day he shipped the car-load of corn, by which it is claimed by plaintiff that he validated the contract, he called plaintiff's agent, Thatcher, by telephone and advised him of the shipment; that the confirmation

which he had received of plaintiff did not conform to the agreement and that it should be corrected, and that Thatcher said he would write plaintiff and have the correction made. By a liberal construction of Thatcher's evidence, which was by deposition, we might probably be justified in saying that this part of defendant's testimony was denied and contradicted by him, and yet the question of the truth of defendant's testimony was for the consideration of the jury alone.

Objection is made to the instructions given by the court. We have carefully examined them, and are persuaded that there was no prejudicial error in giving those submitted to the jury, nor in refusing those asked by plaintiff. It could subserve no good purpose to set them out here. Those given are believed to be correct statements of the law, and fairly covered all the issues of the case.

As we view the case, it rested upon the question of the veracity of the witnesses. That whole subject was for the jury. Their verdict in favor of defendant was a finding in his favor upon the controlling questions in the case. If it were true that the original agreement was made to rest upon the condition named and no change was made therein, that the condition failed, that defendant gave plaintiff notice of his (defendant's) reliance upon the terms of the contract, the verdict was right. The jury being the triers of the facts, with sufficient evidence to support defendant's theory, their verdict ought to be considered as final, and the judgment should not have been reversed.

The former decision is therefore vacated, and the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.