JAMES WHELAN, APPELLANT, V. UNION PACIFIC RAILROAD COMPANY ET AL., APPELLEES.

FILED APRIL 20, 1912. No. 17,007.

1. **Appeal: INSTRUCTIONS.** "It is not error for the court to instruct a a jury as to the legal significance of uncontradicted evidence or admitted facts." *Oelke v. Theis,* 70 Neb. 465.

2. ——: ——. Error cannot be predicated on a part of a paragraph of an instruction when the paragraph as a whole correctly states the law.

3. **Adverse Possession: TITLE TO STREETS.** The effect of chapter 79, laws 1899, is to prevent any one from obtaining title to a part of a public street in any city or village within this state by adverse possession only since the passage of that act.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*I. J. Dunn, George W. Cooper* and *Charles L. Dundey,* for appellant.

*John A. Sheean, contra.*

BARNES, J.

Action to recover the value of certain real estate in the city of Omaha of which the plaintiff claimed to be the owner, and which he alleged had been wrongfully taken from him by defendants to his damage in the sum of $10,000, for which he prayed judgment. The defendants denied plaintiff's ownership, and alleged that the title to the land in controversy was in the city of Omaha; that it was a part of a regularly laid out public street of that city known as Eighth street; that the mayor and city council, by an ordinance duly passed and approved on the 19th day of March, 1907, had granted the defendant, the Union Pacific Railroad Company, the right to lay its tracks over, upon and across said Eighth street; that the defendant company, acting under such grant, entered

upon the premises and did nothing other than was necessary to prepare the property for its use in operating its railroad across and along said street.  Plaintiff, by his reply, denied the allegations of the answer, and upon the issues thus joined the cause was tried to a jury in the district court for Douglas county, and a verdict was returned in favor of the defendants.  Judgment was rendered upon the verdict, and the plaintiff has appealed.

It appears that the plaintiff, to maintain the issues on his part, introduced in evidence a contract of sale and a quitclaim deed from one Albertina Driftcorn to himself of the tract of land in question, and attempted, by oral evidence, to establish his title by adverse possession in himself and his grantor for more than ten years next before the commencement of the action.

Plaintiff's first contention is that the court erred in permitting the defendants to cross-examine the witnesses Albertina Driftcorn and her husband in relation to statements they had made at different times to various persons to the effect that plaintiff did not own the land in controversy, that it belonged to Charles Driftcorn; and also in admitting a letter in evidence written for Mrs. Driftcorn by her son to one of the defendants, in which she stated that the land was owned by Charlie Driftcorn, and warned defendant not to buy the property from the plaintiff for that reason.

It appears, without dispute, that the plaintiff had no title to the land in question other than such as he obtained from Mrs. Driftcorn; that her title, if any, was acquired by adverse possession for a period of ten years prior to July 1, 1899; and that during the pendency of this action she executed the quitclaim deed to the plaintiff in consideration of a part of his recovery, if any there should be.  Therefore, her statements as to the length of time she occupied the property in controversy and her statements relative to her occupancy and ownership thereof were relevant to the main issue in the case, and this contention is not well founded.

Plaintiff alleges error for the giving of instruction No. 7, which, in effect, withdrew from the jury the issue as to whether the land in question was located in, and was a part of, Eighth street. By the plaintiff's evidence, and by the plat found in the bill of exceptions, it clearly appears that the land in controversy is situated wholly in Eighth street in the city of Omaha, and the plaintiff is bound by his own evidence. That fact was also proved by other witnesses, and we find no competent evidence in the record by which it is seriously disputed. Such being the condition of the evidence, it was proper for the trial court to withdraw that question from the consideration of the jury. "It is not error for the court to instruct a jury as to the legal significance of uncontradicted evidence or admitted facts." *Oelke v. Theis,* 70 Neb. 465; *McDonald v. Tootle-Weakley Millinery Co.,* 64 Neb. 577.

It is contended that the court erred in giving instruction No. 6. It appeared from the testimony that plaintiff's grantor erected a shack or small shed upon the land in question, and it was claimed that she thereby took possession of the entire tract. The instruction complained of was given in view of that situation. It appears, however, that only a part of the instruction is quoted in plaintiff's brief and assailed by him as erroneous. An examination of the record discloses that the instruction, as a whole, correctly states the law in such case. Error cannot be predicated on a part of an instruction when the instruction as a whole correctly states the law.

Finally, an examination of the record discloses that the main question litigated and determined in the trial court was that of adverse possession by the plaintiff's grantor, and, that question having been determined by the jury upon conflicting evidence, the verdict should not be set aside unless found to be clearly wrong. *Ohio Nat. Bank v. Gill Bros.,* 85 Neb. 718; *Landis & Schick v. Watts,* 82 Neb. 359; *Teasdale Commission Co. v. Keckler,* 85 Neb. 712.

A careful reading of the record satisfies us that the

Driftcorns unlawfully entered upon that part of Eighth street in the city of Omaha now in controversy, and attempted to obtain title thereto by some sort of a claim of adverse possession; that the plaintiff's only interest in the land was such as they attempted to convey to him. In order for the plaintiff to have any standing whatever, it was incumbent upon him to show by a preponderance of the evidence that his grantor had been in the open, notorious, exclusive and adverse possession of the tract of land in question for more than ten years prior to the time when chapter 79, laws 1899, went into effect, and it clearly appears that the evidence does not establish that fact.

It follows that the judgment of the district court was right, and it is therefore

AFFIRMED.