[Civ. No. 5976. Second Appellate District, Division Two.—April 25, 1928.]

JESSE ALEXANDER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Faucett & Ring and William C. Ring for Petitioner.

John J. Wilson for Respondents.

THOMPSON, J.—There is pending in respondent court an action wherein Max B. Jamison, Lloyd J. Killian and others are plaintiffs and Jesse Alexander and others are defendants. The plaintiffs therein, desiring to procure the issuance of a writ of attachment, made application to respondent clerk therefor, and among other things submitted to him a so-called undertaking on attachment, but signed only by Jamison and Killian. The body of this paper, after stating the conditions of the obligation it was intended to evidence, concludes: "In testimony whereof, the said sureties, and each of them," have affixed their hands and seals on a given date. This statement is followed by the signatures of the two plaintiffs mentioned above. The so-called undertaking was accepted as such by the clerk and he issued a writ of attachment on December 5, 1927. On December 7 the defendant Jesse Alexander (the petitioner here) served and filed a notice of motion to dissolve and discharge the attachment on the ground, among others, that the writ was improperly and unlawfully issued because the purported undertaking was a nullity. At the time the motion was set for hearing the plaintiffs filed an undertaking in a sufficient amount executed by the Fidelity and Deposit Company of Maryland. The hearing of the motion was continued until December 20, 1927, at which time plaintiffs again filed an undertaking executed by the same company and the court made its order denying the motion. A writ of mandate is sought directing the respondent court to enter an order discharging the attachment. We are presented with the questions whether the original purported undertaking was in fact an undertaking under section 539 of the Code of Civil Procedure, and if not, whether a new undertaking may be filed by way of amendment under section 558 of the same code. If both of those questions are answered in the negative it will be unnecessary for us to discuss the other procedural problems argued in the briefs of counsel other than to determine that the situation is one in which it is proper to make use of the writ of mandate.

█ It cannot be successfully or earnestly urged that the so-called undertaking was sufficient. Section 539 of the Code of Civil Procedure, requires "a written undertaking on the part of the plaintiff . . . with sufficient sureties . . . " before the writ may be issued, to the effect that plaintiff will pay all damages resulting from an improper levy. It is immediately obvious that the section requires as a prerequisite to the issuance of the writ that some company or persons other than the plaintiff shall become bound to the defendant to guarantee him against loss under the contingency mentioned. █ Section 2831 of the Civil Code at once eliminates the thought that the plaintiff by any strained process of reasoning might act as his own surety. It defines the term as "one who at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, . . . " It has been determined that the distinction between a bond and an undertaking is that the principal should sign the former and that he need not sign the latter. (*Russell* v. *Chicago, B. & Q. Ry. Co.*, 37 Mont. 1 [94 Pac. 501].) It would be sufficient to observe that the paper filed, signed by two of the plaintiffs, added nothing to the security of the defendant against an improper attachment.

█ Could this purported undertaking be amended? It is difficult to conceive how something which does not and never did exist may be amended. The word amended presupposes the existence of something which has been inartificially or irregularly drawn or constructed. It may be corrected and righted, but nothing remains nothing when amended. Respondent argues that the statutes giving the right of attachment have been liberally construed since the amendment of 1909 to section 558 of the Code of Civil Procedure. It reads: "If upon such application" (a motion for discharge) "it satisfactorily appears that the writ of attachment was improperly or irregularly issued it must be discharged; provided that such attachment shall not be discharged if at all or before the hearing of such application, the writ of attachment or the affidavit, or undertaking upon which such attachment was based shall be amended and made to conform to the provisions of this chapter." Subsequent to the amendment of this section the case of

*Fairbanks, Morse & Co.* v. *Getchel,* 13 Cal. App. 458 [110 Pac. 331], was decided in which it was determined that an affidavit which was void might not be amended under its provisions. In that case the affidavit was void because the affiant endeavored to swear to the affidavit over the telephone, he being in Los Angeles County and the notary public being in and a notary of Kern County. The court, after quoting the language of section 558 of the Code of Civil Procedure, in calling attention to the fact that it had been amended in 1909, based its decision upon the ground as it stated, that ''There could be no irregularity in that which had no existence.'' An effort was apparently made in that case to make an affidavit. In this case no effort was made to execute an undertaking with sureties. Had an undertaking irregular in form been filed we would have been presented with an entirely different problem, and one which the amendment to section 558 of the Code of Civil Procedure, was intended to reach.

The only remaining question is whether the writ of mandate is a proper remedy. It must be apparent that the exercise of judicial discretion was not involved in the problem presented to the respondent court. It was its duty to discharge the attachment under the language we have quoted. In this particular the application is governed by such authorities as *Pacific P. Assn.* v. *Huntington Beach,* 196 Cal. 211–222 [40 A. L. R. 782, 237 Pac. 538], wherein it is declared that where the discretion ceases and the duty becomes absolute the writ will lie. However, petitioner did have a remedy by an appeal from the order. If that remedy is speedy and adequate we cannot make use of this high prerogative writ. On the other hand, if the remedy at law is not both speedy and adequate, the remedy by *mandamus* will not be denied. *Dufton* v. *Daniels,* 190 Cal. 577 [213 Pac. 949], and cases there cited. It is made to appear by the petition (and not denied by the return thereto) that the property under attachment consists of special dies, tools, equipment, and typewriter parts used in the manufacture of patented typewriters and of approximately 2,000 typewriters from eighty per cent to ninety-five per cent completed; that it would take at least a year to replace the dies, tools, and equipment necessary to carry

on the business of manufacturing the typewriters; that the business is paralyzed by the attachment and that its continuance will greatly and irreparably damage the business by making it impossible to meet the demand of customers and prospective customers. Under this admitted state of facts the remedy by appeal is obviously neither speedy nor adequate. We are of the opinion that in this regard we should adhere to the rule announced in *Dufton* v. *Daniels, supra.* ■ Respondents assert that petitioner also has the remedy of filing an undertaking with sufficient sureties for the release of the attachment as provided for in sections 554 and 555 of the Code of Civil Procedure. Those sections presuppose the existence of a valid writ of attachment and cannot be said to provide a remedy against a void writ of attachment.

■ In this proceeding one of the judges of the respondent court was erroneously named as a party respondent and this has occurred so often in the past that we deem it proper to make mention of the fact in the hope that it will not be repeated in the future. We have accordingly omitted his name from the title in this opinion.

The peremptory writ will issue.

Works, P. J., and Craig, J., concurred.

Petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1928.

Richards, J., Preston, J., and Tyler, J., *pro tem.,* dissented.