[Civ. No. 9535. First Appellate District, Division Two.—February 14, 1935.]

H. JAMES POSWA, Appellant, v. FRANK BRITTAIN et al., Respondents.

McCutchen, Olney, Mannon & Greene for Appellant.

Laurence R. Chilcote for Respondents.

STURTEVANT, J.—This is an appeal from an order discharging an attachment. On February 7, 1934, the plaintiff, as assignee, commenced an action against the defendants to recover a judgment on an open book account. He took out a summons on the same day. When he filed his complaint he also filed an affidavit for attachment against alleged resident defendants. At the same time he delivered to the clerk a purported undertaking on attachment executed by two sureties. The clerk issued a writ of attachment which was served on the same day. The defendants excepted to the sureties. The plaintiff then served a notice that the sureties would justify before the trial court on February 21, 1934. At that time all of the parties attended. Before the examination of the sureties was taken up the attorney for the plaintiff announced that he had another undertaking, the sureties on which were ready to justify if the sureties on the first one could not. The court stated that the hearing of the justification of the original sureties should first be taken up. The hearing so proceeded. The original sureties failed to justify. The defendant asked that the attachment be discharged and claimed that the original undertaking was a fraud on the clerk of the court. As to accepting the new undertaking the court expressed its doubt as to whether it could be accepted ''because the attachment issued on the original undertaking and the new undertaking would not secure anything that happened before the writing of it''. However, it was stipulated that the new bond was acceptable if the plaintiff had a right to file it. The latter was a corporate bond dated February 19, 1934, which contained nothing on its face showing that it would relate back to the commencement of the action. The further hearing was continued until February 23, 1934. On that date another corporate undertaking containing an express provision relating back to the commencement of the action was delivered to the judge presiding and the further hearing was continued until February 26, 1934. On that date the court made the order appealed from. The clerk entered the order as based ''on the ground of the insufficiency of the bond on

file''.  On March 28, 1934, the court, in the absence of and without notice to the plaintiff, entered a *nunc pro tunc* order that its minutes be so amended as to recite ''that the attachment be and the same is hereby dissolved on the ground of fraud upon the clerk of this court. . . . ''

The plaintiff contends that the trial court had no power to vacate the attachment, but that it was its duty to accept the substitute undertakings.  He asserts that attachment proceedings are a special statutory remedy and as such are solely dependent on and controlled by the provisions of the statute.  Continuing, he claims that the trial court should have accepted the substitute undertakings and should have denied the motion to vacate.  (Code Civ. Proc., sec. 539.)  In so far as pertinent to this decision, that section provides: ''When excepted to, the plaintiff's sureties, within five days from service of written notice of exception, upon notice to the defendant of not less than two nor more than five days, must justify before the judge, justice, or clerk of the court in which the action is pending, in the same manner as upon bail on arrest; and upon failure to justify, or if others in their place fail to justify, at the time and place appointed, the writ of attachment must be vacated.''  The defendants reply that the original undertaking was ''a nullity''—it was a ''straw bond''.  They cite *Fairbanks, Morse & Co.* v. *Getchell,* 13 Cal. App. 458 [110 Pac. 331], and *Alexander* v. *Superior Court,* 91 Cal. App. 312 [266 Pac. 993].  Neither case is in point.  Each of those cases was a proceeding before ''the court'' commenced under Code of Civil Procedure, section 556.  Neither was addressed to proceedings before ''the judge'' or ''the clerk'' under section 539.  When the attack is made under the latter section and it transpires that the sureties are insufficient, the statute prescribes the procedure—the justification of other sureties in their place if offered.  That course must be followed.  To hold otherwise is to read out of the statute the entire clause '' . . . or if others in their place fail to justify. . . . ''  To so read the statute is to do violence to fundamental law.  (Code Civ. Proc., sec. 1858.)

As noted above, the *nunc pro tunc* order recited that the attachment was discharged because the sureties committed a fraud on the clerk.  The plaintiff contends that the said recital is not supported by the evidence, and furthermore, if it were, the trial court had no power to punish such acts

of the sureties by penalizing the plaintiff. We think both contentions must be sustained. There was no evidence of fraud on the part of the plaintiff and the trial court did not find to the contrary. That the sureties made false affidavits when executing the undertaking, that such acts are at all times reprehensible, and in the instant case, particularly so, will be at once conceded. There is authority to the effect that the offender in appropriate proceedings may be disciplined. (13 Cor. Jur. 20.) But counsel have not cited to us a single authority to the effect that false swearing or fraud on the part of a surety is ground for vacating an attachment. Our statute does not so provide and we have no power to read into it words that are wholly absent.

As stated, the defendants contend that if, as in the instant case, the original sureties fail to justify and from their examination it appears that their affidavits attached to the attachment undertaking contain false valuations on the assets of the sureties, such fact is sufficient ground to hold the undertaking "a nullity"—"a straw bond". Where is the border line? If the variance is slight would they so contend? They seem to appreciate where the contention leads. Referring to Code of Civil Procedure, section 539, they say: "We submit that the correct rule should be that if the surety has property in the sum named in the undertaking, but, on a hearing for the purpose of justification it develops that the property is of such character or so encumbered that he is not acceptable because of the uncertainty of his ability to satisfy a judgment on the undertaking, then plaintiff should be allowed to qualify a substitute who will be acceptable." They cite no authority. To uphold that contention would be to rewrite the statute. That power rests with the legislature and not with the courts.

The plaintiff also contends that he had the right to amend his undertaking. (Code Civ. Proc., sec. 558; *Hamburger* v. *Halpern*, 28 Cal. App. 317 [152 Pac. 61].) In view of the conclusions we have reached as to the construction of section 539 of the Code of Civil Procedure, we do not find it necessary to discuss the contention last mentioned.

The order discharging the writ of attachment is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1935.