[Civ. No. 21696. Second Dist., Div. Two. Sept. 20, 1956.]

HENRY LACHMILLER, Respondent, v. LACHMILLER ENGINEERING COMPANY (a Corporation), Appellant.

William A. Sherwin and Richard D. Barger for Appellant.

Jack A. Crickard for Respondent.

FOX, J.—Defendant appeals from that part of an order which denied its motion to discharge an attachment.

Plaintiff brought this action to recover for services rendered and on two promissory notes in the total amount of $30,652.79. He caused a writ of attachment to be issued and levied on defendant's place of business (and a keeper put in charge) and on its bank account of approximately $14,000. He posted a bond in the amount of $21,000 executed by a corporate surety. The authority, however, of the attorney in fact who signed the bond on behalf of the surety was limited to $10,000. The limitation of the agent's authority was a matter of record. Upon discovery of this information defendant moved to discharge the writ of attachment on the ground, *inter alia,* that it was "improperly and irregularly" issued in that the person who executed the document was without authority to sign a bond in that amount. At the hearing on defendant's motion, plaintiff proposed to release all property under attachment except the bank account and to replace the bond with a new one in the amount of $3,065.28, being 10 per cent of the amount of plaintiff's claim. The court thereupon denied the motion to discharge the attachment on condition a bond in the sum of $3,065.28 be posted forthwith and the levy immediately released on everything except the bank account. The condition was complied with by plaintiff. It is from the order denying its motion to discharge the attachment that defendant appeals.

Defendant's position is that "the purported bond filed herein was void because the person pretending to act for the bonding company had no authority to do so" and that "the undertaking being void it cannot be amended because it never existed." In arguing that the initial bond was void defendant overlooks the provisions of section 2333 of the Civil Code, which provides that "When an agent exceeds his

authority, his principal is bound by his authorized acts so far only as they can be plainly separated from those which are unauthorized." In this matter the agent was expressly authorized to sign bonds up to $10,000. He was not, however, authorized to execute bonds beyond that amount. It is thus obvious that his authorized act can be "plainly separated" from his unauthorized act, and that since he was authorized to execute a bond up to $10,000 the principal was bound to that extent under the quoted code section. (See *Walker* v. *Peake*, 153 S.C. 257 [150 S.E. 756], and cases there collected; also *Wilson* v. *Beardsley*, 20 Neb. 449 [30 N.W. 529]; and *Guaranty Trust Co. of New York* v. *Koehler*, 195 F. 669 [115 C.C.A. 475].) It therefore follows that the bond was not void, and was subject to amendment under the provisions of section 558, Code of Civil Procedure.*

Actually, however, what transpired in this case was not an amendment of the bond but rather the substitution of another and different bond. After hearing the matter, the trial judge concluded that since the business was to be released and only the bank account remain subject to the writ a bond in an amount equal to 10 per cent of plaintiff's claim would be adequate protection to defendant.

The posting of a substituted bond was entirely proper. Section 1057, Code of Civil Procedure, provides that whenever an undertaking has been given in any action and it is thereafter made to appear to the court that any surety on such undertaking is insufficient, the court may order the giving of a new undertaking. The principle of posting a substitute bond was sustained in *Poswa* v. *Brittain*, 4 Cal.App.2d 554 [41 P.2d 345]. The principle was also recognized in *Bone* v. *Trafton*, 31 Cal.App. 30 [159 P. 819], which was an attachment case. At page 32, the court stated ". . . there is ample authority holding that where a statute permits the correction of an original undertaking, or the *substitution of a new one,* it has the effect of validating the proceeding from its inception." (Emphasis added.)

Defendant relies on *Alexander* v. *Superior Court*, 91 Cal. App. 312 [266 P. 993], and *Fairbanks, Morse & Co.* v. *Getchell*,

---

* Section 558, Code of Civil Procedure, reads: "If upon such application, it satisfactorily appears that the writ of attachment was improperly or irregularly issued it must be discharged; provided that such attachment shall not be discharged if at or before the hearing of such application, the writ of attachment, or the affidavit, or undertaking upon which such attachment was based shall be amended and made to conform to the provisions of this chapter."

13 Cal.App. 458 [110 P. 331]. Neither of these cases is applicable in the instant matter. In the Alexander case the plaintiffs in the attachment proceeding undertook to become their own sureties on the attachment bond. Such a purported undertaking was a nullity, and there was nothing to amend. The court pointed out (p. 316) that "no effort was made to execute an undertaking with sureties. Had an undertaking irregular in form been filed we would have been presented with an entirely different problem, and one which the amendment to section 558 of the Code of Civil Procedure was intended to reach." In the Getchell case the affidavit for the attachment was void. Being so, the court held it was not subject to amendment under section 558. As we have pointed out above, the bond in the instant case was not void. The situation, therefore, could be corrected by either an amendment or the substitution of a new bond.

The order is affirmed.

Moore, P. J., and Ashburn, J., concurred.