[Civ. No. 22800. Second Dist., Div. Two. July 7, 1958.]

SUPERIOR COLLECTORS, INC. (a Corporation), Appellant, v. CHARLES R. PURO, Respondent.

Samuel R. Tannenbaum for Appellant.

Sam Schermer for Respondent.

FOX, P. J.—Plaintiff brought this action to recover $5,000 on a promissory note.  It caused a writ of attachment to be

issued and levied on defendant's Cadillac. The bond was in the amount of $1,750. Defendant made a motion to increase the undertaking on the attachment. On December 12, 1956, the court granted defendant's motion and ordered the undertaking increased from $1,750 to $3,500. Plaintiff having failed to comply with the order, defendant, on December 31, 1956, served notice of motion to discharge the attachment. The matter was set for hearing on January 11, 1957. Plaintiff filed nothing in opposition to the motion. But, on January 10th, plaintiff filed another undertaking in the amount of $2,500. Counsel for plaintiff did not appear at the hearing on January 11th, but the court was informed that another bond in the amount of $2,500 had been filed. Following the hearing, the court ordered the writ of attachment discharged on the ground that there had been a failure to comply with the previous order of the court. On January 15th plaintiff caused to be issued a "first alias" writ of attachment, and the sheriff was ordered to relevy on the automobile which was still in his possession. This writ was based on the $2,500 undertaking previously referred to. Thereupon the sheriff sought instructions from the court as to the disposition of the car. The matter was heard on February 11, 1957. The court discharged the alias writ and ordered the sheriff to release defendant's car. Plaintiff has appealed from the order of January 11th discharging the writ of attachment and from the order of February 11th discharging the alias writ.

◼ Plaintiff's first contention is that the court erred in discharging the writ at the January 11 hearing for noncompliance with the order increasing the undertaking on the ground that such order was not final. There is no merit whatever in this contention. Such an order is effective when made. And it is well settled that the court has inherent power to require an increase in the amount of an undertaking on a writ of attachment. (*Murillo* v. *Toole,* 47 Cal.App.2d 725, 727-728 [118 P.2d 895], and cases cited therein.)

Plaintiff's next contention is, apparently, that the filing of the second undertaking for $2,500 constituted compliance with the court's order and hence it was error to discharge the attachment. This contention is likewise without merit.

◼ Attachment proceedings are purely statutory and are to be strictly construed. (5 Cal.Jur.2d 598.) ◼ Plaintiff's filing of a new bond for $2,500 did not constitute compliance

with the court's order increasing the amount of the undertaking to $3,500.

The $2,500 bond, which was executed by a different surety, made no reference to the previous bond and in no way indicated that it was in addition thereto. The trial judge filed a memorandum concerning the proceedings below which, by stipulation of both counsel, is included in the record on appeal; in that memorandum the trial court observed that the second bond "did not purport to be in addition to other coverage." The trial court was justified in arriving at this factual conclusion because (1) the second bond did not indicate that it was an addition, and (2) the fact that the bond was for $2,500 instead of $1,750 justifies an inference that it was not *intended* to be an addition. Under these circumstances the second bond must be considered either an attempted amendment of the first bond or a substitute therefor. It is obvious that the second bond was not intended to be, and was not, an amendment of the first. The second bond made no mention of the first, and it was executed by an altogether different surety. Therefore, the second bond can only be a substitute for the first. As such, it was wholly inadequate because it was for an amount less than that fixed by the court.

Plaintiff relies upon this court's decision in *Lachmiller* v. *Lachmiller Engineering Co.*, 144 Cal.App.2d 533 [301 P.2d 288], which dealt with the right to amend a defective bond on attachment or to substitute a new bond in an amount fixed by the court. That case is wholly inapplicable here. We have already pointed out that the second bond in the instant case was not an amendment of the first, and as a substitute for the first it was inadequate to meet the court's requirement of a $3,500 undertaking. The other authorities relied upon by plaintiff are not in point because they deal with bonds given at different stages during the course of the litigation.

The order of the court discharging the alias writ of attachment was proper because that writ was based upon the same undertaking which the court had already held to be inadequate. Plaintiff's counsel* had notice of this fact and was obviously attempting to circumvent the court's previous order. In light of these facts, causing the alias writ to be issued amounted to an abuse of process.

The orders are affirmed.

Ashburn, J., and Herndon, J., concurred.

---

*Plaintiff has new counsel on appeal.