STATE, EX REL. VOLUNTEER FIREMEN'S RELIEF ASSOCIATION OF WILMINGTON, *vs.* THE MAYOR AND COUNCIL OF WILMINGTON, ET AL.

1. MANDAMUS—ACTION TO FIX LIABILITY AND ASCERTAINMENT OF AMOUNT DUE UNNECESSARY WHERE STATUTE FIXES AMOUNT.

   The end sought by an action at law is merely the fixing of liability and the ascertainment of the amount found to be due; and, where a statute fixes the amount due by a city to a volunteer fire association, it will not be required to resort to an action at law, but may have mandamus to require payment.

2. MANDAMUS—HELD PROPER REMEDY TO COMPEL MUNICIPAL OFFICIALS TO PAY OVER SUM OF MONEY FIXED BY STATUTE.

   Since 32 *Del. Laws, c.* 111, § 13, fixes the amount of money, namely, $15,000, to be paid to the Volunteer Firemen's Relief Association by the Mayor and the Council of Wilmington, the paying over of the money involves no discretion, but is a ministerial act, to compel which mandamus is a proper remedy.

(*February* 15, 1923.)

RICHARDS and RODNEY, J. J., sitting.
*Henry R. Isaacs* and *LaPenne Guenveur* for relator.
*Reuben Satterthwaite, Jr.*, for respondents.

Superior Court for New Castle County, January Term, 1923. MANDAMUS, No. 254, September Term, 1922.

Petition for mandamus by the state of Delaware on the relation of the Volunteer Firemen's Relief Association of Wilmington against the Mayor and Council of Wilmington and others. Rule to show cause issued.  Argument on motion to quash the rule and dismiss the petition.  Motion refused.

A former petition for mandamus was refused because of a defect of parties, 1 W. W. Harr. (31 *Del.*) 586, 118 *Atl.* 640.

In this case a verified petition was filed by the relator praying for the issuance of a writ of mandamus directed to the defendants to compel them to pay to the relator the sum of $15,000.  The petition and suit is based upon *Section* 13, *c.* 111, *vol.* 32, Laws of Delaware (*vol.* 32, *p.* 332) which provides:

"Within three months after the taking over by the 'department of public safety' of the real and personal property of the several fire companies, the said 'the Mayor and Council of Wilmington' shall pay to the proper officers of the Volunteer Firemen's Relief Association, the sum of fifteen thousand dollars, the same being in full payment for all claims and demands whatsoever."

The petition alleges that the prescribed time of three months has elapsed and that there has been a demand for and a refusal of the payment of the said sum of $15,000.

On this petition a rule was issued to show cause why a writ of mandamus should not issue as prayed for.

The respondents have moved to quash the rule and to dismiss the petition for the reason

"that the said petitioner has an adequate and sufficient remedy at law, to wit, an action at law against the mayor and council of Wilmington for the collection of the fifteen thousand dollars ($15,000.00) alleged to be due."

The motion for the dismissal of the petition contains two other grounds, namely, that the petition did not allege that the respondents have sufficient money not otherwise appropriated by law out of which the said sum of $15,000 could be paid and that the respondents would be unable to comply with the terms of a peremptory writ of mandamus if the court should order such a writ as prayed for in said petition.  Both of these grounds were abandoned at the argument by the counsel for the respondents.

RODNEY, J.: The sole question to be determined in this case is whether the petitioner has such an adequate and sufficient remedy by an action at law as to deprive this court of jurisdiction to issue the writ of mandamus. That a court will not grant the extraordinary remedy of mandamus when the applicant has some other adequate and sufficient remedy at law is so well established by all of the authorities as to make the citations thereof unnecessary. Comprehensive lists of authorities may be found in any textbook or encyclopedia. In *McCoy v. State*, 2 *Marv.* 543, at page 562, 36 *Atl.* 81, at page 83, the court held that—

"Mandamus, according to the uniform current of our well-considered adjudications, is, in this state, a prerogative writ in the supervisory sense, issuable exclusively by our Superior Court, not of course, but only in the exercise of a sound judicial discretion. It is a remedial writ, the appropriate functions of which are the enforcement of the performance of duties imposed by law, by officers and others who neglect or refuse to perform their duties. The remedy is extraordinary, and if the right is doubtful, or the duty discretionary, or the power to perform the duty wanting, or inadequate, or if there be any other specific and adequate legal remedy, this writ will not in general be allowed."

[1, 2] It is not easily perceived how an ordinary action at law furnishes such an adequate and specific remedy to the petitioner as to deprive this court of jurisdiction by mandamus. The usual purpose of an action at law is not immediately the collection of the debt—that is usually accomplished by subsequent proceedings such as execution process. The immediate end sought to be attained is the fixing of the liability and the ascertainment of the amount so found to be due. The section of the statute in question fixes the liability of the Mayor and Council of Wilmington and establishes the amount to be paid. In the absence of specific objection to the section of the statute on other grounds it will, at this time, be assumed to be valid. The ordinary functions of an action at law, therefore, up to judgment, have been provided by the statute. It is not easy to determine then, upon what principle the fixed liability of the defendant should be wiped out and the petitioner compelled to resort to the sometimes uncertain determination of a jury which, if favorable to him, would leave him precisely where the statute placed him in the first instance. If

the petitioner be remitted to his remedy by other action at law, and that remedy result in a judgment which should not be paid, resort might be made to this court for relief by mandamus and the case would be in precisely the same position that it is in to-day. This case is strongly analogous to those cases where the salary of a public officer is fixed by law and the duty to pay the same is a ministerial act. The authorities uniformly hold that mandamus will lie to compel the performance of a ministerial act where the liability is fixed and the amount ascertained. Mandamus, of course, does not lie where the act sought to be enforced involves the exercise of discretion or judgment on the part of the officer whose action is sought to be compelled.

See note to *Mattox v. Board of Education*, 5 *A. L. R.* 576.

For the reasons stated, the motions to quash the rule and dismiss the petition are refused.